Keith C. Thompson
State Bar No. 24013631
**LAW OFFICE OF KEITH C. THOMPSON**
11003 Quaker Avenue
Lubbock, Texas 79424
Telephone: 806-783-8322
Facsimile: 806-783-8357
Email: kct@kctlaw.us
**COUNSEL FOR SIWELL, INC., D/B/A
CAPITAL MORTGAGE SERVICES OF
TEXAS**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS<br>　　*PLAINTIFF*<br><br>V.<br><br>WILLIAM BERTHELETTE AND LAND GORILLA, LLC<br>　　*DEFENDANTS* | § § § § § § § § § § § | CASE NO. 5:19-CV-00025 |

### PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS and files this PLAINTIFF'S AMENDED COMPLAINT, and in support thereof, would respectfully show the Court as follows:

#### I.   PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS ("CAPITAL") is a Texas for-profit corporation in good standing.

2.      Defendant WILLIAM BERTHELETTE ("BERTHELETTE") is an individual who may be served with service at 2473 Lake Road, Ridgeway, SC 29130.

3.      Defendant, LAND GORILLA, LLC ("LAND GORILLA") is a foreign limited liability company doing business in the state of Texas, and is in good standing. LAND GORILLA may be served with service by and through their registered agent, United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

4.      Venue is proper in Lubbock County, Texas, because a substantial part of the events or omissions giving rise to the claim occurred in Lubbock County, Texas. 28 U.S.C. §1391(b)(2).

5.      This suit involves a controversy between three parties, all residing in different states. 28 U.S.C.A. §1332. Plaintiff seeks to recover $59,226.64 in actual damages, exclusive of interest, costs, and fees.

## II.    FACTS

6.      On July 14, 2017, CAPITAL hired BERTHELETTE as a contractor in the position of National Director of Retail Sales. BERTHELETTE executed an Engagement Agreement upon his acceptance of the position with CAPITAL on July 14, 2017. Engagement Agreement attached as Exhibit "A". PLAINTIFF provided good and adequate consideration and agreed to provide BERTHELETTE with a generous salary, as well as other benefits. However, during his tenure with CAPITAL, BERTHELETTE also took on a position with LAND GORILLA, LLC (hereinafter known as "LAND GORILLA") and was working for both entities at the same time without CAPITAL'S knowledge. BERTHELETTE and LAND GORILLA collaborated and conspired together for their own personal gain and persuaded CAPITAL to use the services of LAND GORILLA. Defendants thereby

wrongfully manipulated CAPITAL and failed to disclose the business relationship between BERTHELETTE and LAND GORILLA.

7. Further, Defendants improperly used CAPITAL resources for their own personal financial gain and for the benefit of LAND GORILLA.

8. Despite the fraudulent conception of the relationship between LAND GORILLA and CAPITAL, LAND GORILLA has persisted in invoicing CAPITAL and demanding payment for unpaid invoices in the amount of $59,226.64. A true and correct copy of Land Gorilla's demand letter to Capital is attached hereto and incorporated herein by reference as Exhibit "B."

### IV.   CAUSES OF ACTION

#### A. Unjust Enrichment

8. Based on information and belief, Defendants derived a financial benefit, in the form of the above-mentioned debt along with other benefits believed to have been received, from having CAPITAL sign on and obtain services from LAND GORILLA. Defendants were unjustly enriched when CAPITAL agreed to obtain services from LAND GORILLA at the prompting of BERTHELETTE.

#### B. Negligent Misrepresentation/Fraud

9. BERTHELETTE and LAND GORILLA violated the duty owed to CAPITAL to exercise the ordinary care and diligence exercised by other professionals in the same or similar circumstances and were negligent in the misrepresentation of their business relationship and connection to each other. Defendants intentionally failed to disclose this information to CAPITAL and continued to benefit unjustly from CAPITAL by promoting LAND GORILLA's services to CAPITAL and enticing CAPITAL to do business with LAND GORILLA. ["Intentionally" means actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition,

defect, or failure constituting a breach of warranty giving rise to the consumer's claim, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Intention may be inferred from objective manifestations that indicate that the person acted intentionally or from facts showing that a defendant acted with flagrant disregard of prudent and fair business practices to the extent that the defendant should be treated as having acted intentionally]. Actual fraud involves a material misrepresentation, made either intentionally or recklessly, that was intended to be acted on, that was in fact relied on, that caused injury.

### C. Breach of Fiduciary Duty

10.     In the alternative to other counts, CAPITAL pleads for recovery under breach of fiduciary duty. BERTHELETTE, while an agent and fiduciary of CAPITAL, collaborated with LAND GORILLA, using CAPITAL resources and time for their personal gain. In so doing, BERTHELETTE'S and LAND GORILLA'S actions caused injury to CAPITAL in the form of the above-mentioned debt. Because the debt LAND GORILLA has assessed against CAPITAL was created by way of BERTHELETTE'S artifice, contravening the duties BERTHELETTE owed to CAPITAL as an agent and fiduciary, CAPITAL seeks to recover the amount of such debt from BERTHELETTE in the alternative to recovering against LAND GORILLA.

### D. Fraudulent Inducement/ Detrimental Reliance

11.     BERTHELETTE and LAND GORILLA made material representations to CAPITAL in relation to the services offered by LAND GORILLA. The representations were false. Both defendants knew the representations were false when they were made to CAPITAL. BERTHELETTE and LAND GORILLA made the representations with the intent that CAPITAL act on the representations, CAPITAL did act on the representations and the representation has caused CAPITAL injury.

### *E. Breach of Contract*

12.     CAPITAL would show that BERTHELETTE has breached his contract with CAPITAL, specifically as set out as grounds for cause of termination in Paragraph 9 of the Engagement Agreement, to wit:

> "3). If Contractor shall breach any of the duties usually and customarily owed by a Contractor to employer including but not limited to misappropriation of funds or property, attempting to secure any personal profit not fairly disclosed to Capital Mortgage, neglect of duties undertaken by Contractor hereunder or engaging in conduct, publicly or privately, that is materially adverse to the interest of Capital Mortgage in the sole discretion of the officers of Capital Mortgage.

> "4)    If Contractor is engaged in self-dealing whereby profits are redirected from Capital Mortgage to personally benefit Contractor."

CAPITAL has been injured by the debt assessed against it by LAND GORILLA due to BERTHELETTE'S breach and therefore seeks to recover the amount of the debt assessed by LAND GORILLA from BERTHELETTE in the alternative to recovering against LAND GORILLA.

## V.     DAMAGES

13.     As a direct and proximate result of the BERTHELETTE'S and LAND GORILLA'S misrepresentations and as set forth above, CAPITAL has suffered a substantial financial loss.

## VI.    REQUEST FOR DISCLOSURE

14.     Pursuant to Rule 26 of the Federal Rules of Civil Procedure Defendants are hereby requested to disclose the information or material described in Rule 26(a)(1)(A).

## VII.  PRAYER

15.  For these reasons, CAPITAL respectfully requests that it be awarded judgment against Defendants for the following:

   a.   Actual damages;

   b.   Prejudgment interest and post-judgment interest as provided by law;

   c.   Costs of suit; and

   d.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE LAW OFFICE OF KEITH C. THOMPSON, P.C.
11003 Quaker Avenue
Lubbock, Texas 79424
kct@kctlaw.us
(806) 783-8322 (Telephone)
(806) 783-8357 (Telecopier)
SBN: 24013631

*/s/  Keith C. Thompson*
Keith C. Thompson
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I Keith C. Thompson, hereby certify that on the 27th day of February 2019, I filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas using the electronic case filing system of the court, as well as the United States mails. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. A true and correct copy of this pleading was sent to William Berthelette via USPS Certified Mail, Return Receipt Requested.

                                                     */s/ Keith C. Thompson*
                                                     Keith C. Thompson

Served on February 27, 2019 as follows:

Jonathan M. Herman (TX Bar No. 24052690)
jherman@herman-lawfirm.com
Charles W. Hill (TX Bar No. 24063885)
chill@herman-lawfirm.com
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
***Via E-File***

William Berthelette
2473 Lake Road
Ridgeway, SC 29130
***Via Certified Mail CMRR# 7017 1000 0000 4357 6568***