IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 5:19-cv-00025-C |
| WILLIAM BERTHELETTE AND LAND GORILLA, INC. (formerly Land Gorilla, LLC) | § § § § § | |
| *Defendants.* | § § | |

## APPLICATION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant Land Gorilla, Inc., formerly Land Gorilla, LLC ("LG"), through counsel, and files this Application ("Application") requesting that the Court confirm an arbitration award and enter judgment against Plaintiff Siwell, Inc. d/b/a Capital Mortgage Services of Texas ("CMS"), and would respectfully represent as follows:

### SUMMARY

In May 2019, the Court previously granted LG's Motion to Compel Arbitration and administratively closed this case without prejudice to it being reopened should the need arise. LG and CMS proceeded to arbitrate. In September 2021, LG obtained an arbitration award against CMS.

CMS has failed and refused to satisfy the award. LG moved to reopen the case and requests that the Court confirm the award and enter judgment against CMS.

## FACTS

1.      The underlying dispute arises from a Master Services Agreement between LG and CMS entered into September 27, 2017 ("MSA"). The MSA included an arbitration clause requiring that all disputes arising under or in connection with the MSA be submitted to Judicial Arbitration and Mediation Services, Inc. ("JAMS") for binding arbitration.[1]

2.      On September 25, 2018, CMS filed suit against LG and William Berthelette ("Berthelette") in state court, Cause Number 2018532364, in the 99th District Court of Lubbock County, Texas ("State Court Case"). In the State Court Case, CMS alleged against LG various claims arising under or in connection with the MSA.

3.      On February 11, 2019, LG filed its Notice of Removal to remove the State Court Case to this Court (Dkt. #1). LG removed on the basis of diversity jurisdiction.

4.      On February 11, 2019, LG filed its Motion to Compel Arbitration (Dkt. #3). LG sought to compel CMS to arbitrate in the JAMS arbitration that LG, as Claimant, initiated against CMS, as Respondent, in JAMS Arbitration No. 1220061506 ("Arbitration").

5.      On May 1, 2019, the Court entered its Order granting LG's Motion to Compel Arbitration (Dkt. #20). The Court wrote in its Order, "To manage the Court's docket more

---

[1] The MSA is in the court record (Dkt. #12-2), filed under seal pursuant to Order dated March 7, 2019 (Dkt. #14). The MSA states, in applicable part, at p. 8-9:

    10.3 <u>Arbitration</u>. All disputes arising under or in connection with this Agreement shall be submitted to Judicial Arbitration and Mediation Services, Inc. (JAMS) or successor organization for binding arbitration serving San Luis Obispo County by a single arbitrator who shall be a former California Superior Court Judge. The arbitrator shall be selected by JAMS in an impartial matter determined by it. Except as may be otherwise provided herein, the arbitration shall be conducted under the California Arbitration Act, Code of Civil Procedure §§1280 *et. seq*. The Parties shall have the discovery rights provided in Code of Civil Procedure §§1283.05 and 1283.1. The arbitration hearing will be commenced within one-hundred eighty (180) days of the filing of this application with JAMS by any party hereto, and a decision shall be rendered by the arbitrator within thirty (30) days of the conclusion of the hearing. The arbitrator shall have complete authority to render any and all relief, legal and equitable, appropriate under California law and this Order. The arbitrator shall award costs of the proceeding, including reasonable attorney's fees, to the Party determined to have substantially prevailed. Notwithstanding the foregoing, either party may seek equitable relief to enforce the provisions of Section 6.

efficient, the above -styled and -numbered civil action is hereby **ADMINISTRATIVELY CLOSED** without prejudice subject to being reopened should the need arise."

6. LG and CMS proceeded with the Arbitration before the Honorable Melinda A. Johnson, Ret. (Arbitrator").

7. On about July 7, 2020, the parties stipulated to substitution of Party by Entity Filed Conversion, Land Gorilla, LLC to Land Gorilla, Inc., a copy of which is attached hereto and incorporated herein by reference as **Exhibit 1**.

8. The Arbitrator issued her Award dated September 2, 2021 ("Arbitration Award"). A true and correct copy of the Award is attached to this Application and incorporated herein by reference as **Exhibit 2**. The Arbitration Award is a reasoned decision.

8. The Arbitrator ruled in favor of LG and against CMS. In her comprehensive, well-reasoned nine (9) page Arbitration Award, the Arbitrator concluded that CMS breached the MSA. The Arbitrator wrote:

> LG and CMS had a detailed, comprehensive contract, whose components were selected by CMS, LG performed by creating the SAAS [Software as a Service], specific to CMS' needs and in providing the Scope of Work documents. It began performing the other services, such as contracting for appraisals, and inspections and would have continued to do so but for CMS's repudiation of the contract.[2]

9. The Arbitrator rejected each of CMS' defenses.[3] The Arbitrator:

(i) determined LG to be the prevailing party,

(ii) awarded LG damages against CMS in the amount of $137,477.89, plus post award interest of 1.5% per month, from November 20, 2020 to judgment, and

(iii) awarded LG attorneys' fees and costs against CMS in the total amount of $105,478.51.[4]

---

[2] Arbitration Award, Ex. 2, at p. 6.
[3] *Id.* at pp. 6-8.
[4] *Id*. at p. 9.

10. LG has made demand several times that CMS pay the Arbitration Award, but CMS has been nonresponsive. CMS has shown no intent to satisfy the Arbitration Award.

11. The Arbitration Award is final under the JAMS rules and the California Arbitration Act.

## RELIEF REQUESTED

12. On December 17, 2021, LG filed its Ex Parte Motion to Reopen. Dkt. #32. The Court reopened the case pursuant to its Order dated December 20, 2021. Dkt. #33.

13. LG files this Application pursuant to the Federal Arbitration Act ("FAA")[5] and/or the California Arbitration Act[6] seeking confirmation of the Arbitration Award and issuance of a final judgment. This Application is timely filed under the FAA and the California Arbitration Act.[7]

14. In accordance with the FAA and the California Arbitration Act, the Court must grant the order confirming the Arbitration Award unless it is vacated, modified, or corrected.[8]

15. As there are no grounds for vacating, modifying or correcting the Arbitration Award, the FAA and the California Arbitration Act require the Court to confirm the Arbitration Award, and LG respectfully requests such an order.

16. LG moves that the Arbitration Award be adopted as a judgment.

17. Under governing California law, LG is entitled to recover against CMS all post-award reasonable costs and attorneys' fees incurred to obtain the judgment against CMS, with such fees to be set by the Court and included in the judgment.[9] As evidenced by the Declaration of

---

[5] 9 U.S.C. §§1 *et seq*.
[6] California Code of Civil Procedure §§1280 *et seq*.
[7] 9 U.S.C. §9 (one year after award is made); California Code of Civil Procedure §1288 (four years after date of service).
[8] 9 U.S.C. §9; California Code of Civil Procedure §1286.
[9] California Civil Code §1717; See *Carole Ring & Associates v. Nicastro (2001) 104 Cal.Rptr.2d 519,* 87 Cal.App.4th 253, 260-261; MSA, Dkt. #12-2, at p. 9, Section 10.6 (MSA governed by California law) and p. 10, Section 10.12, which states:

Michael L. Hood dated December 21, 2021, attached hereto and incorporated herein by reference as **Exhibit 3**, LG has incurred reasonable attorneys' fees to file this Application and obtain judgment in the amount not less than $4,423.00.

19. As evidenced by the Declaration of Linda Somers Smith dated December 7, 2021, attached hereto and incorporated herein by reference as **Exhibit 4**, LG has incurred reasonable costs and attorneys' fees in post arbitration work and in association with this Application and to obtain judgment in the amount not less than $2,496.17.

18. LG is entitled to legal post-judgment interest rate at the applicable federal post judgment interest rate pursuant to 28 U.S.C. §1961.

WHEREFORE, Defendant Land Gorilla, Inc., prays for the following:

a. That the Court confirm the September 2, 2021 Arbitration Award;

b. That the Court enter final judgment in favor of LG and against CMS for (i) $137,477.89, plus post-award interest of 1.5% per month, from November 20, 2020 to judgment, and (ii) $105,478.51 in attorneys' fees and costs;

c. That CMS be ordered to pay LG reasonable costs and attorneys' fees that LG incurred to obtain the judgment in the amount of $6,919.17;

d. That CMS be ordered to pay post-judgment interest at the rate set forth in 28 USC §1961; and

e. That LG be granted any additional and further relief to which it may be justly entitled.

---

10.12 <u>Attorneys' Fees</u>. To the extent not otherwise provided to the contrary in this Agreement, in the event any party hereto institutes an action or other proceeding to enforce any rights arising out of this Agreement, the party prevailing in such action or other proceeding shall be paid all reasonable costs and attorneys' fees by the non-prevailing party, such fees to be set by the court and not by a jury and to be included in any judgment entered in such proceeding.

Respectfully submitted,

By:   */s/ Jonathan M. Herman*
      Jonathan M. Herman (TX Bar No. 24052690)
      Michael L. Hood (TX Bar No. 09943435)
      THE HERMAN LAW FIRM
      Santander Tower
      1601 Elm Street, Suite 2002
      Dallas, Texas 75201
      Telephone:   (214) 624-9805
      Facsimile:    (469) 383-3469
      jherman@herman-lawfirm.com
      mhood@herman-lawfirm.com

*Counsel for Defendant*
*Land Gorilla, Inc.(formerly Land Gorilla, LLC)*

## CERTIFICATE OF SERVICE

On December 21, 2021, I electronically submitted the foregoing document and its supporting papers with the Clerk of the Court using the electronic case filing system of the Court. I hereby certify that I have served all counsel or pro se parties of record electronically or by another method of service authorized by Federal Rule of Civil Procedure 5(b)(2).

      */s/ Jonathan M. Herman*
      Jonathan M. Herman