Keith C. Thompson
State Bar No. 24013631
**LAW OFFICE OF KEITH C. THOMPSON**
11003 Quaker Avenue
Lubbock, Texas 79424
Telephone: 806-783-8322
Facsimile: 806-783-8357
Email: kct@kctlaw.us
**COUNSEL FOR SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS**

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC., d/b/a CAPITAL MORTGAGE SERVICES OF TEXAS<br>　　*PLAINTIFF*<br><br>V.<br><br>WILLIAM BERTHELETTE<br>AND LAND GORILLA, LLC<br>　　*DEFENDANTS* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 5:19-CV-00025 |

---

**SIWELL, INC. d/b/a CAPITAL MORTGAGE SERVICES' MOTION TO EXTEND TIME TO FILE RESPONSE TO LAND GORILLA, INC.'S APPLICATION TO CONFIRM ARBITRATION AWARD**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS and files this SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES' MOTION TO EXTEND TIME TO FILE RESPONSE TO LAND GORILLA, INC.'S APPLICATION TO CONFIRM ARBITRATION AWARD, and in support thereof, would respectfully show the Court as follows:

**I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

*a.     Procedure*

1. Plaintiff, SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS ("Capital") filed its initial Petition in this matter in Lubbock County Court at Law No. 3 on September 25, 2018, which case was styled as 201853234; Siwell, Inc. d/b/a Capital Mortgage Services v. William Berthalette and Land Gorilla, LLC (now Land Gorilla, Inc.) (hereinafter "Land Gorilla").

2. On February 11, 2019, Land Gorilla removed the suit to this Honorable Court (Dkt. #1), and moved the Court to compel arbitration pursuant to the Master Services Agreement at issue in the underlying suit (Dkt. #3).

3. The Court granted Land Gorilla's Motion to Compel Arbitration on May 1, 2019 (Dkt. #20).

4. The parties entered arbitration proceedings conducted by Judicial Arbitration and Mediation Services, Inc. (JAMS) wherein an award was rendered in favor of Land Gorilla on September 7, 2021.

5. Land Gorilla filed its Ex Parte Motion to Reopen Suit on December 17, 2021 (Dkt. #32) and the Court granted the motion on December 20, 2021 (Dkt. 33).

6. Land Gorilla filed its Application to Confirm Arbitration Award on December 21, 2021 (Dkt. 34).

*b.     Facts*

7. The undersigned firm closed for the holidays December 22, 2021, through December 26, 2021, and December 30, 2021 through January 2, 2022.

8. Alexa C. Lunsford, the attorney responsible for drafting Capital's Response to Land Gorilla's Application to Confirm Award, was also away from work and email for the holidays on December 27 and 28, 2022.

9. Further, Ms. Lunsford became ill with COVID symptoms on December 30, 2021, tested positive for COVID-19 on January 4, 2022 (after having self-isolated December 30, 2021 through January 4, 2022), and remained away from work and email until January 5, 2022.

10. Additionally, each full-time staff member of the undersigned firm experienced cold and flu-like symptoms and incurred some absence from work at varying times between December 30, 2021 and January 7, 2022, culminating in a large accumulation of communications to be addressed the week of January 10, 2021 through January 14, 2022.

11. Due to the circumstances above, Ms. Lunsford did not see or open Land Gorilla's Application to Confirm Award (Dkt. #34) until January 12, 2022, and was thus unaware that same had been filed. Capital attaches the sworn affidavit of Alexa C. Lunsford hereto as Exhibit A.

12. Also due to the circumstances above, the deadline to respond to Land Gorilla's Application to Confirm Award was not entered on the undersigned firm's calendar, contrary to common practice.

## II.   ARGUMENT

13. Capital respectfully requests this Honorable Court to extend its time to respond to Land Gorilla's Application to Confirm Arbitration Award by two days, from January 11, 2022 to January 13, 2022. The Court has discretion to extend Capital's time to respond to Land Gorilla's Application, even after such time has expired, under FRCP 6(b), upon the showing of good cause and excusable neglect.

14. The Court has broad discretion to grant or deny an extension. *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

15. If restrictions of time in Rules are upon parties, court, in its discretion, may determine existence of "excusable neglect." *Schram v. O'Connor*, 2 F.R.D. 192, 1941 U.S. Dist. LEXIS 2144 (D. Mich. 1941).

16. The Supreme Court articulated a list of relevant factors a Court should consider in determining the existence of excusable neglect in *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380 (1993).

17. The *Pioneer* factors are: (i) whether granting an extension will prejudice the non-movant; (ii) the length and impact of the delay; (iii) reason for the delay; and (iv) good faith.

18. <u>Good Cause</u>. Good cause is a non-rigorous standard that has been construed broadly. *Ahanchian v. Xenon Picture, Inc.*, 624 F.3d 1253, 1259-60 (9th. Cir. 2010).

19. For good cause, Capital would show the Court that it has a meritorious objection to Land Gorilla's Application based on improper venue which should be considered by the Court to avoid an unjust determination in this matter. Capital's arguments are expressed in its Response to Land Gorilla's Application to Confirm Arbitration Award, attached to this motion as Exhibit B.

20. <u>No Prejudice to Land Gorilla</u>. Capital contends the grant of the requested extension will not prejudice Land Gorilla because the extension would only encompass two days outside the initial timeframe for Capital to answer, as such answer is attached hereto and filed concurrently herewith. By virtue of the pre-filing conference with Land Gorilla's counsel and the general expectation that a party defend its interests in a lawsuit, this request for extension should not operate as a surprise to Land Gorilla, nor impair its ability to fully reply to Capital's response.

21. <u>Length and Impact of Delay is Insignificant</u>. A movant for extension should show that the length and impact of the delay is insignificant. *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990). The length of the delay is two days. Currently, no order has been signed granting Land Gorilla's Application, nor has any hearing been set which would be affected by granting the requested extension. The only real impact which will occur in the proceedings is that the Court take time to consider Capital's response and any reply by Land Gorilla before ruling on Land Gorilla's Application, a course that would have occurred as a matter of right but for the error of Capital's counsel.

22. <u>Reason for Delay</u>. Determination of whether party's conduct constitutes excusable neglect is equitable one that requires court to consider all relevant circumstances. *Rittmaster v. PaineWebber Group (In re PaineWebber Ltd. Pshps. Litig.)*, 147 F.3d 132, 41 Fed. R. Serv. 3d (Callaghan) 38, 1998 U.S. App. LEXIS 12090 (2d Cir. 1998). Burden is on movant under Rule 6(b) to establish that failure to act timely was result of excusable neglect. *Yonofsky v. Wernick*, 362 F. Supp. 1005, 17 Fed. R. Serv. 2d (Callaghan) 1022, 1973 U.S. Dist. LEXIS 12532 (S.D.N.Y. 1973).

23. Excusable neglect will excuse delays caused by circumstances beyond the movant's control and may excuse the mistake, inadvertence, or carelessness of a party or its attorney. *Pioneer Inv.*, 507 U.S. at 388. Excusable neglect for failure to meet filing deadline may be found where party makes showing of good faith inadvertence and absence of prejudice to other party. *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 2004 U.S. Dist. LEXIS 21590 (W.D. Mo. 2004).

24. In *Benjamin v. Aroostook Med. Ctr., Inc.*, 57 F.3d 101, 108 (1st Cir. 1995), an attorney missed a live hearing due to serious illness resulting in the case being dismissed with prejudice. On appeal, the First Circuit found such absence to be due to excusable neglect and

changed the order of dismissal to dismissal without prejudice. In another case, whether attorney error could constitute excusable neglect was within discretion of district court, and it was not abuse of discretion under Fed. R. Civ. P. 6(b) and 60(b) to find that company's neglect in failing to timely opt out of class settlement was excusable where delay did not prejudice opposing party, length of delay was short and did not impact judicial proceedings, and there was no indication that company acted in bad faith. I*n re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 356 U.S. App. D.C. 70, 55 Fed. R. Serv. 3d (Callaghan) 608, 2003-1 Trade Cas. (CCH) ¶ 74024, 2003 U.S. App. LEXIS 8555 (D.C. Cir. 2003). Where a libel action involved long period of negotiations and several continuances, New York counsel for defendant was of opinion that local counsel had arranged for extension of time, and where both attorneys for defendant were out of their respective offices for period of time during holiday season, failure of defendant's counsel to file answer, although not to be condoned, was result of excusable neglect warranting extension of time to file answer. *Anderson v. Stanco Sports Library, Inc.*, 52 F.R.D. 108, 15 Fed. R. Serv. 2d (Callaghan) 207, 1971 U.S. Dist. LEXIS 14090 (D.S.C. 1971).

25.   As laid out above in paragraphs 7 - 12, the attorney responsible for drafting Capital's response was largely absent from work and away from email between December 22, 2021 and January 5, 2022 due to holiday leave and serious illness. All other staff members of the undersigned firm were similarly ill and experiences intermittent absences between December 30, 2022 and January 7, 2022. This led to a significant backlog of communications wherein the notice of Land Gorilla's remained unseen and unopened by the attorney responsible for drafting Capital's response until January 12, 2022. Due the intermittent absences of all other staff members throughout the same time period, the response deadline was not entered in the undersigned firm's calendar. The delay is not due to any fault of Capital, nor was same within Capital's control. While

the delay was within the control of counsel, extenuating circumstances led to the omission discussed herein above.

26. <u>Capital Acted in Good Faith</u>. Excusable neglect requires demonstration of good faith by party seeking extension and some reasonable basis for noncompliance within time specified by Rules. *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Ms. Lunsford became aware of the error on the afternoon of January 12, 2022. *See* Exhibit A, ¶ 8. The failure to see and open the notice of Land Gorilla's application was not intentional or malicious. *Id.* Capital's counsel reached out to Land Gorilla's counsel immediately to explain what had happened and to confer with them regarding this motion, both by phone conference and follow-up email. Likewise, Capital's counsel immediately drafted its Response to Land Gorilla's Application to avoid further delay and presents it concurrently herewith for the Court's consideration.

### III.   CONCLUSION

27. Capital has shown good cause for the requested extension in that Capital has a meritorious response to Land Gorilla's application that should be considered by the Court to avoid injustice. Capital's failure to timely file its response to Land Gorilla's Application was at no fault of Capital and was due to the excusable neglect of counsel which was exacerbated by the extenuating circumstances of holiday leave and extended absence due to illness. Capital has also shown that no prejudice will befall Land Gorilla if this request is granted, nor will the grant of this extension cause significant delay or impact to the proceedings.

28. Capital respectfully prays the Court grant its motion for extension and accept its Response to Land Gorilla's Application to Confirm Award attached as Exhibit B.

Respectfully submitted,

THE LAW OFFICE OF KEITH C. THOMPSON, P.C.
11003 Quaker Avenue
Lubbock, Texas 79424
kct@kctlaw.us
(806) 783-8322 (Telephone)
(806) 783-8357 (Telecopier)
SBN: 24013631

  /s/  Keith C. Thompson
Keith C. Thompson
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I Keith C. Thompson, hereby certify that on the 13th day of January 2022, I filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

  /s/  Keith C. Thompson
Keith C. Thompson

Served on January 13, 2022 as follows:

Jonathan M. Herman (TX Bar No. 24052690)
jherman@herman-lawfirm.com
Charles W. Hill (TX Bar No. 24063885)
chill@herman-lawfirm.com
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
***Via E-File***

### CERTIFICATE OF CONFERENCE

I Alexa C. Lunsford, hereby certify that on the 12th day of January 2022, I conferred with counsel for Land Gorilla regarding this Motion for Extension of Time. Land Gorilla's counsel was unable to instantly confer with Land Gorilla to confirm whether it was opposed or unopposed to this motion.

  /s/  Alexa C. Lunsford
Alexa C. Lunsford