# Exhibit B

Keith C. Thompson
State Bar No. 24013631
**LAW OFFICE OF KEITH C. THOMPSON**
11003 Quaker Avenue
Lubbock, Texas 79424
Telephone: 806-783-8322
Facsimile: 806-783-8357
Email: kct@kctlaw.us
**COUNSEL FOR SIWELL, INC., D/B/A
CAPITAL MORTGAGE SERVICES OF
TEXAS**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS<br>*PLAINTIFF*<br><br>V.<br><br>WILLIAM BERTHELETTE AND LAND GORILLA, LLC<br>*DEFENDANTS* | § § § § § § § § § § § | CASE NO. 5:19-CV-00025 |

### SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES' RESPONSE TO LAND GORILLA, INC.'S APPLICATION TO CONFIRM ARBITRATION AWARD

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS and files this SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES' RESPONSE TO LAND GORILLA, INC.'S APPLICATION TO CONFIRM ARBITRATION AWARD, and in support thereof, would respectfully show the Court as follows:

## I. FACTS

1. Plaintiff, SIWELL, INC., D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS ("Capital") hereby adopts and incorporates the facts set forth in paragraphs 1 - 6 of its foregoing Motion to Extend Time to File Response.

## II. ARGUMENT

2. Capital asserts that Land Gorilla's Application to Confirm Arbitration Award should be filed in the District Court in and for the Central District of California, Southern Division, where San Luis Obispo County is located, as that this the place designated for arbitration in the Master Services Agreement ("MSA") (*see* Dkt. #34, fn 1) at issue, and where the arbitration was in fact conducted.

3. Section 9 of the Federal Arbitration Act ("FAA") vests jurisdiction to enforce an arbitration award in the District Court in the district where the award was made as follows: If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. 9 U.S.C. § 9.

4. The proper venue for confirmation of an arbitration award is: (i) the district specified in the arbitration agreement; (ii) the district where the award was made; or (iii) any proper district under the general venue statute. *See* 9 U.S.C §9; 28 U.S.C. §1391; *and see Cortez Bird Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000).

5. The MSA does not explicitly name the *court* where confirmation should take place, but Capital contends that Land Gorilla implicated the Central District of California, Southern Division as the court for confirmation and enforcement because they, as the drafters and proponents of the MSA, named San Luis Obispo County as the place of arbitration and made California law the governing law.

6. Capital acknowledges that the provisions of section 9 of the FAA are permissive rather than exclusive. *See Wing v. J.C. Bradford & Co.*, 678 F. Supp. 622, Fed. Sec. L. Rep. (CCH) ¶ 93404, Fed. Sec. L. Rep. (CCH) ¶ 93404, 1987 U.S. Dist. LEXIS 11529 (N.D. Miss. 1987).

7. However, Capital emphasizes that the explicit language and order of preference expressed in the statutes at issue favor confirmation of Land Gorilla's arbitration award in the District Courts in and for the Central District of California, Southern Division, where San Luis Obispo County is located.

8. It is well settled that when the Legislature drafts a statute giving a certain order the options presented thereunder, the intent is that such options are presented in order of preference. Furthermore, "Where legislation and case law conflict, courts generally presume that legislation takes precedence over case law." *See* https://www.law.cornell.edu/wex/statutory_construction.

9. Capital also advances the common-sense argument that Land Gorilla should be required to confirm its award in the forum in which it sought to have this controversy litigated. Land Gorilla expressly moved to except the determination of this suit on the merits from this Court (see Dkt. #3), but now seeks its assistance in confirming an award that should be confirmed in the District where Land Gorilla wanted the resolution of this suit to take place.

### III. CONCLUSION

10. The FAA, and arguably the MSA at issue in this case, call for confirmation of Land Gorilla's arbitration award in the Central District of California, Southern Division.

27. Capital respectfully prays the Court deny Land Gorilla's Application to Confirm Arbitration Award, close this suit with prejudice, and award Capital all further relief to which it may show itself entitled.

Respectfully submitted,

THE LAW OFFICE OF KEITH C. THOMPSON, P.C.
11003 Quaker Avenue
Lubbock, Texas 79424
kct@kctlaw.us
(806) 783-8322 (Telephone)
(806) 783-8357 (Telecopier)
SBN: 24013631

/s/ Keith C. Thompson
Keith C. Thompson
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I Keith C. Thompson, hereby certify that on the 13th day of January 2022, I filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Keith C. Thompson
Keith C. Thompson

Served on January 13, 2022 as follows:

Jonathan M. Herman (TX Bar No. 24052690)
jherman@herman-lawfirm.com
Charles W. Hill (TX Bar No. 24063885)
chill@herman-lawfirm.com
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
***Via E-File***