IN THE UNITED STATES DISTRICTCOURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 5:19-cv-00025-C |
| WILLIAM BERTHELETTE AND LAND GORILLA, INC. (formerly Land Gorilla, LLC) | § § § § § | |
| *Defendants.* | § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S APPLICATION TO CONFIRM ARBITRATION AWARD

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant, Land Gorilla, Inc. (f/k/a Land Gorilla, LLC) ("LG"), through undersigned counsel, who respectfully files this Reply to Plaintiff, Siwell, Inc. d/b/a Capital Mortgage Services of Texas' ("CMS") Response[1] to Defendant's Application to Confirm Arbitration Award[2] and respectfully represents as follows:

### SUMMARY

In May 2019, the Court granted LG's Motion to Compel Arbitration and administratively closed this case "without prejudice to it being reopened should the need arise."[3] LG and CMS proceeded to arbitration and LG obtained an arbitration award against CMS.[4] CMS has yet to

---

[1] Dkt. #35-2.
[2] Dkt. #34.
[3] Dkt. #20.
[4] Arbitration Award, September 2, 2021, Dkt. 34-2.

satisfy the award; accordingly, LG moved to reopen this case[5] and filed an Application to Confirm Arbitration Award and for Entry of Judgment ("Application").[6]

CMS's Response,[7] does not raise any substantive arguments and only one procedural argument: LG's Application should be considered by the District Court in the Central District of California.[8]

CMS's procedural argument lacks merit and rings hollow for the following reasons, *to-wit*:

- CMS commenced the underlying civil action in state court in *this* District, which was removed to *this* Court on the grounds of diversity jurisdiction.[9]
- *This* Court ordered the parties to arbitration.[10]
- *This* Court ordered that the case be administratively stayed pending the arbitration between LG and CMS.[11]
- At CMS's request, *this* Court previously entered a default judgment against the other Defendant in the case, William Berthelette.[12]

Accordingly, this Court is the proper place for LG to file its Application because this Court retained subject matter jurisdiction over the underlying dispute.[13] Neither the arbitration agreement nor the Federal Arbitration Act require LG to file its Application in District Court in and for the Central District of California, and CMS's response itself admits this.

---

[5] Dkt. #32.
[6] Dkt. #34.
[7] Dkt. #35-2.
[8] Dkt. #35-2 (pps. 2-3).
[9] Dkt. #1, Dkt #9.
[10] Dkt. #20.
[11] Dkt. #20.
[12] Dkt. #31.
[13] Dkt. #20 (the case was administratively closed this case "without prejudice to it being reopened should the need arise.").

**ARGUMENT**

A.   *This Court retains jurisdiction to confirm the arbitration award because it has jurisdiction over the underlying dispute*.

It is well settled that when a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award.[14]

It is beyond cavil that this Court has subject matter jurisdiction. CMS commenced the underlying civil action in state court in this District, which was removed to this Court on the grounds of diversity jurisdiction.[15] This Court ordered the parties to arbitration.[16] This Court ordered that the case be administratively stayed "without prejudice subject to being reopened should the need arise."[17] At CMS's request, this Court previously entered a default judgment against the other Defendant in the case, William Berthelette.[18]

---

[14] *See Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–76, 52 S.Ct. 166, 76 L.Ed. 282 (1932) ("We do not conceive it to be open to question that, where the court has authority under the [FAA] ... to make an order for arbitration, the court also has authority to confirm the award or to set it aside."); *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 843 (5th Cir. 2020) ("[A] litigant [is] able to preserve federal jurisdiction over a motion to vacate, modify, or confirm an arbitration award by first filing a motion to compel arbitration under section 4 [of the FAA]"); *Dodson Int'l Parts, Inc. v. Williams Int'l Co*., 12 F.4th 1212, 1227-28 (10th Cir. 2021) (There appears to be no dispute that when a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award); *McCormick v. Am. Online, Inc.*, 909 F.3d 677, 683 (4th Cir. 2018) ("[T]he court that has jurisdiction to compel arbitration under § 4 also has jurisdiction to ... confirm, vacate, modify, and enforce the resulting arbitration award."); *Davis v. Fenton*, 857 F.3d 961, 962 (7th Cir. 2017) (where the district court "had [federal-question] jurisdiction over the case at the time it was filed," the court's earlier "order staying the case ... retained jurisdiction to confirm or vacate [the] arbitral award"); *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 386 (2d Cir. 2016) ("If ... a case were stayed, it could provide ... an independent jurisdictional basis sufficient to permit the federal court to entertain ... petitions under [FAA] §§ ... 9–11."); cf. 13D Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3569 at 500 (3d ed. 2008) (stating, with respect to diversity cases, that when the "underlying litigation ... was stayed pending arbitration ..., the jurisdiction invoked in the underlying litigation is retained").
[15] Dkt. #1, Dkt. #9.
[16] Dkt. #20.
[17] *Id.*
[18] Dkt. #31.

CMS is a Texas corporation which conducts business in Lubbock, Texas.[19] It is not an efficient use of judicial resources for LG to seek to obtain the judgment in California and then return to this Court to recognize it as a Texas judgment.

**B.    *The arbitration agreement does not require LG to file its Application in the Central District of California*.**

CMS concedes that the arbitration agreement does not designate the court that must confirm the arbitration award. CMS writes in its Response, "The MSA [Master Services Agreement] does not explicitly name the *court* where confirmation should take place."[20] The arbitration clause states that disputes must be submitted to Judicial Arbitration and Mediation Services, Inc. ("JAMS") for binding arbitration in California.[21] But it is silent as to which court has jurisdiction to confirm the arbitration award.

**C.    *The FAA does not require LG to file its Application to confirm the award in the Central District of California*.**

CMS also concedes that the FAA does not designate the court that must confirm the arbitration award. CMS writes in its Response, "Capital [CMS] acknowledges that the provisions of section 9 of the FAA are permissive rather than exclusive."[22] Section 9 of the FAA provides in relevant part that, "If no court is specified in the agreement of the parties, then such application *may be made* to the United States Court in and for the district within which such award was made."[23]

---

[19] Plaintiff's First Amended Petition, ¶1 (Dkt. #1-2)
[20] Dkt. #35-2, ¶5 (emphasis in original).
[21] The MSA is in the court record (Dkt. #12-2), filed under seal pursuant to Order dated March 7, 2019 (Dkt. #14). The MSA states, in applicable part, at p. 8-9:
> 10.3 <u>Arbitration</u>. All disputes arising under or in connection with this Agreement shall be submitted to Judicial Arbitration and Mediation Services, Inc. (JAMS) or successor organization for binding arbitration serving San Luis Obispo County by a single arbitrator who shall be a former California Superior Court Judge.

[22] Dkt. #35-2, ¶ 6, citing *Wing v. J.C. Bradford & Co.,* 678 F.Supp. 622 (N.D. Miss. 1987).
[23] 9 U.S.C. § 9 (emphasis added).

D. ***CMS's cited authority supports that this Court has jurisdiction to hear LG's Application***.

The case that CMS cites in its Response, *Wing v. J.C. Bradford & Co.*,[24] supports LG's position that this Court has jurisdiction to hear LG's Application. In *Wing*, the plaintiff filed a securities fraud case in Mississippi district court, and the parties proceeded to arbitration in Tennessee pursuant to an arbitration clause in the brokerage agreement.[25] The plaintiff obtained a favorable arbitration award,[26] and then sought to confirm the award in the Mississippi district court in which the action had originally been filed.[27] The defendant opposed the plaintiff's request to affirm the award and argued that the Mississippi district court lacked subject matter jurisdiction over the matter because the arbitration was held in Tennessee.[28] Of note, the arbitration agreement did not specify a particular jurisdiction to confirm the arbitration award.[29] The court held that it possessed subject matter jurisdiction over the underlying controversy, and therefore possessed subject matter jurisdiction to consider the motion to confirm the arbitration award.[30] In reaching its decision, the court noted that Section 9 of the FAA should be read as *permissive* and should not be read as exclusive.[31]

*Wing* is directly on point. Exactly as in *Wing*, this case lacks an express contractual provision designating jurisdiction to rule on applications to confirm arbitration awards. Also, as in *Wing*, this Court has subject matter jurisdiction over the underlying claims. Notwithstanding CMS's opposition on the basis that the arbitration took place in another state, this Court should

---

[24] 678 F.Supp. 622 (N.D. Miss. 1987).
[25] *Id.* at 623.
[26] *Id.* at 624.
[27] *Id.*
[28] *Id.*
[29] *Id.* at 625.
[30] *Id.* at 625-26. *See also Landau v. Eisenberg,* 922 F.3d 495, 498 (2nd Cir. 2019) (holding that "[b]ecause the district court would have had jurisdiction over the underlying substantive controversy, it had jurisdiction to confirm the arbitration award pursuant to FAA § 9.")
[31] 678 F.Supp. at 625-26.

follow *Wing* and the well settled case law[32] to find that it retains subject matter jurisdiction over the matter for the purpose of confirming the Award.

## CONCLUSION

It strains CMS's credibility to argue that LG must file its Application in California when 1) CMS filed this case in Texas state court and sought remand back to that court;[33] 2) CMS did not oppose LG's motion to compel arbitration filed in this Court;[34] and 3) CMS affirmatively sought a default judgment against co-defendant William Berthelette in this Court.[35] Accordingly, this Court may confirm the Arbitration Award and enter same as a Judgment.[36]

WHEREFORE, Defendant Land Gorilla, Inc., prays this Honorable Court confirm the Arbitration Award, enter Judgment, and grant all further relief requested in Defendant's Application to Confirm Arbitration Award (Dkt. #34).

Respectfully submitted,

By: /s/ Jonathan M. Herman
Jonathan M. Herman (TX Bar No. 24052690)
Michael L. Hood (TX Bar No. 09943435)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Santander Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3469
jherman@herman-lawfirm.com
mhood@herman-lawfirm.com

*Counsel for Defendant*
*Land Gorilla, Inc.(formerly Land Gorilla, LLC)*

---

[32] *See supra*, n. 13.
[33] Motion to Remand, Reply in Support of Motion to Remand (Dkt. #11, Dkt. #16)
[34] Dkt. #20, n.1.
[35] First Motion for Default Judgment, Dkt. #23
[36] LG reserves the right to supplement its request for recovery of attorney's fees to include the additional attorney's fees it incurred to reply to CMS's opposition to LG's Application.

## CERTIFICATE OF SERVICE

On January 21, 2022, I electronically submitted the foregoing document and its supporting papers with the Clerk of the Court using the electronic case filing system of the Court. I hereby certify that I have served all counsel or pro se parties of record electronically or by another method of service authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jonathan M. Herman*
Jonathan M. Herman