IN THE UNITED STATES DISTRICTCOURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS<br>*Plaintiff,*<br><br>v.<br><br>WILLIAM BERTHELETTE AND LAND GORILLA, LLC<br>*Defendants.* | §§§§§§§§§ | Civil Action No. 5:19-cv-00025 |

## PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Siwell, Inc. d/b/a Capital Mortgage Services of Texas, Plaintiff ("**CMS**"), and hereby files this Motion to Amend or Alter Judgment ("**Motion**") in accordance with Federal Rule of Civil Procedure 59(e), complaining of a final judgment rendered for Defendant Land Gorilla, LLC ("**LG**"), and respectfully shows the Court as follows:

### I. PROCEDURAL HISTORY AND SUMMARY

1. On December 17, 2021, LG filed an "ex parte" motion to reopen this case in order to file an application to confirm LG's Arbitration Award, *see* ECF Doc. Nos. 32, 34, and the impropriety of that award was never disclosed to or brought to the attention of this Court. *See* ECF Doc. No. 32. Thus, the District Court granted the motion to reopen the case on December 20, 2021. *See* ECF Doc. No. 33. The following day, LG filed a motion to confirm the Arbitration Award, and for entry of judgment against CMS ("**Motion to Confirm Arbitration Award**"). *See* ECF Doc. No. 34. CMS opposed the Motion to Confirm Arbitration Award on January 13, 2022. See ECF Doc. Nos. 35, 38, 39. This Court granted LG's Motion to Confirm Arbitration Award

on January 31, 2022, *see* ECF Doc. No. 41, and entered Final Judgment (**"Final Judgment"**) against CMS and in favor of LG in the amount of "$137,477.89, plus post-award interest at the rate of 1.5% per month, from November 20, 2020," along with attorneys' fees in the amount of $105,478.51, additional attorneys' fees in the amount of $6,919.17, and post-judgment interest pursuant to 28. U.S.C. Section 1961(a). *See* ECF Doc. No. 42.

## II. STANDARD OF REVIEW FOR FEDERAL RULE OF CIVIL PROCEDURE 59(e)

2.  Federal Rule of Civil Procedure 59(e) (**"Rule 59(e)"**) serves the purpose of allowing a party "to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Waltman v. Int'l Paper Co.*, 857 F.2d 468, 473 (5th Cir. 1989). In a motion under this Rule "the motion would be properly taken if the court patently misunderstood a party, making a mistake not of reasoning but of apprehension." *Walker v. HongHua Am., LLC*, No. 4:12-CV-00134, 2012 WL 1898892, at *1 (S.D. Tex. May 23, 2012) (citations and quotations omitted).

## III. ARGUMENT AND AUTHORITIES

3.  The Plaintiff is entitled to have the Court consider altering or amending its Final Judgment under Rule 59(e) for three separate reasons, which include: (1) the Plaintiff has newly discovered evidence of potential malpractice by its arbitration counsel; (2) the Final Judgment as it currently stands is based on a manifest error of law and fact; and (3) the Final Judgment was not the result of a mistake in the Court's reasoning, but instead a misapprehension of the facts presented to the Court by LG.

## IV. RELIEF REQUESTED

4.  CMS respectfully submits that this Court erred in granting the Motion to Confirm Arbitration Award and entering Final Judgment against CMS in this matter, as the Arbitration

Award upon which the Final Judgment is based is preemptively invalid for the reasons set forth in its Brief in Support of Plaintiff's Motion to Amend or Alter Judgment (**"Brief"**), as this Court has already adjudicated that the Master Service Agreement (**"MSA"**) between LG and CMS was obtained by fraud and did not constitute a binding contract. *See* ECF Doc. Nos. 30-31. The Brief is incorporated herein by reference for all purposes. Thus, for the reasons stated herein and in the Brief, the Final Judgment should be vacated, and this Court should issue an order and declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. Section 2201(a) in favor of Plaintiff as to the remaining claims between it and LG, as they all ultimately stem from the void MSA between LG and CMS procured by the fraud of Defendant William Berthelette, as previously recognized and ruled on by this Court. *See id.*

## V. NO CERTIFICATION OF CONFERENCE REQUIRED

5. In accordance with the Northern District of Texas Local Civil Rules 7.1(a), (b), and (h), it is presumed this Motion will be opposed and the Plaintiff's attorney certifies that a conference with the opposing attorneys is not required.

## VI. BRIEFING REQUIRED

6. In accordance with the Northern District of Texas Local Civil Rules 7.1(d), an accompanying Brief and attached Affidavit of Royce Lewis has been separately filed that sets forth the moving party's contentions of fact, law, arguments and authorities, and is incorporated by reference herein for all purposes.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court grant this Motion to Amend or Alter Judgment, and for Declaratory Judgment on all causes of action between Plaintiff and Defendant LG, as adopted by this Court in its judgment in favor of Plaintiff against Defendant William Berthelette.

          Respectfully submitted,

          **MCWHORTER COBB and JOHNSON, L.L.P.**
          1722 Broadway
          Lubbock, TX  79401
          P.O. Box 2547
          Lubbock, Texas 79408-2547
          Telephone: (806) 762-0214
          Facsimile: (806) 762-8014
          Timothy T. Pridmore
          *email: tpridmore@mcjllp.com*
          SBN:  00788224
          R. Michael McCauley, Jr.
          SBN:  00797030
          *email:  mccauley@mcjllp.com*

          /s/ Timothy T. Pridmore
          Timothy T. Pridmore

          /s / R. Michael McCauley, Jr.
          R. Michael McCauley, Jr.

          ***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

     I, Timothy T. Pridmore, hereby certify that on the 25th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas,  using the electronic case filing system of the Court, as well as the United States mail as indicated below.  The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  A true and correct copy of this pleading was sent to William Berthlette via USPS Certified Mail, Return Receipt Requested, as no email address is available.

Keith C. Thompson
The Law Office of Keith C. Thompson, PC
11003 Quaker Avenue
Lubbock, TX  79424
Via eservice

Jonathan M. Herman
Charles Wilson Hill
The Herman Law Firm
1601 Elm Street
Dallas, Texas  75201
Via eservice

William Bertheletter – Pro Se
1020- B West DeKalb St
Camden, SC 29020
Via certified mail

                                                /s/ Timothy T. Pridmore
                                                  Timothy T. Pridmore