IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 5:19-cv-00025-C |
| WILLIAM BERTHELETTE AND LAND GORILLA, INC. | § § § § § | |
| *Defendants.* | § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S
# MOTION TO AMEND OR ALTER JUDGMENT

Respectfully Submitted By:

Jonathan M. Herman (TX Bar No. 24052690)
Michael L. Hood (TX Bar No. 09943435)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Santander Tower
Dallas, Texas 75201
Telephone:    (214) 624-9805
Facsimile:    (469) 383-3469
jherman@herman-lawfirm.com
mhood@herman-lawfirm.com

*Counsel for Defendant Land Gorilla, Inc.*

i

## **TABLE OF CONTENTS**

I.  SUMMARY OF THE ARGUMENT…..………………………………………………….1

II. ARGUMENT……………………………………………………………………………...2

    A. *Fed. R. Civ. Pro. 59(e) – Generally applicable law*……………………...…......2

    B. *CMS's Rule 59(e) Motion masquerades as a Motion to Vacate and is filed out of time*……………………………………………………..………………...3

    C. *CMS confuses newly discovered evidence with a newly uncovered cause of action, the latter being a collateral proceeding divorced from the finality of the Arbitration Award*……………..……………………………………………..4

    D. *CMS was aware of facts giving rise to a professional liability claim before the Final Judgment; CMS cannot use Rule 59(e) to argue it now*…………...……..5

    E. *CMS's argument that the default judgment against Mr. Berthelette applies to LG is untenable*……………………………………………………………...6

        a. The First Amended Motion for Default Judgment never put on a prima facia case even as to Mr. Berthelette, let alone LG…………………………..6

        b. The Default Judgment against Mr. Berthelette is of no moment as to LG…..7

        c. CMS's California counsel argued in the Arbitration that fraud voided the MSA, as position which was considered and rejected by the Arbitrator…….8

III. CONCLUSION..……………………………………………………………………....9

IV. CERTIFICATE OF SERVICE……………………………………………...………………10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Banister v. Davis*,
140 S.Ct. 1698 (2020)……………………………………………………………………………..5

*Brandstetter v. Astrue*,
6:11-cv-00016-C-BL, Doc. 38 (N.D. Tex. May 29, 2012)…………………………………….…2

*Buckeye Check Cashing, Inc v. Cardegna*,
546 U.S. 440, 126 S.Ct. 1204 (2005)……………………………………………………....……9

*Bush v. Balfour Beatty Bahamas, Ltd.*,
62 F.3d 1319 (11th Cir.1995)……………………..………………………………………………7

*Cabello v. Northwestern Nat'l Ins. Grp.*,
No. 08-99-00281-CV, 2000 WL 1514095 (Tex.App. – El Paso Oct. 12, 2000, no pet.)……....…8

*Canfield v. Orso (in re Orso)*,
283 F.3d 686 (5th Cir. 2002)……………………………………………………...…………..5

*Demahy v. Schwartz Pharma, Inc.*,
702 F.3d 177 (5th Cir. 2012)……………………………………………………………………...5

*Diaz v. Methodist Hosp.*,
46 F.3d 492 (5th Cir. 1995)……………………………………………………....................5

*English v. Mattson*,
214 F.2d 406 (5th Cir. 1954)……………………………………………………………………..5

*Farm Credit Bank of Tex. v. Guidry*,
110 F.3d 1147 (5th Cir. 1997)……………………………………………………………………..5

*Frank v. Daley (In re Daley)*,
776 F.2d 834 (9th Cir.1985)……………………………...…………………………………..7

*Guy v. Crown Equip. Corp.*,
394 F.3d 320 (5th Cir. 2004)……………………………………………………………….…2

*Hale v. Townley*,
45 F.3d 914 (5th Cir. 1995)…………………………………………………………………...1, 3

*In re Maresh*, 277 B.R. 339,
(Bankr. N.D. Ohio 2001)……………………………………………………………………..7

*John Crane, Inc. v. Scribner*,
800 A.2d 727 (Md. 2002)……………………………………………………………………….8

*Kuzmin v. Schiller*,
No. 05-13-01394-CV, 2015 WL 150206, (Tex. App.—Dallas Jan. 8, 2015, no pet.)……………...4

*Mason v. Fremont Inv. & Loan*,
No. 3:15-cv-1909-K-BN, 2016 WL 750941 (N.D. Tex. Feb. 2, 2016)……...…………………..…5

*N. Atl. Distrib., Inc. v. Teamsters Local Union No. 430*,
497 F. Supp. 2d 315 (D.R.I. 2007)……………………………………………………………7

*Pancake v. Reliance Inc. Co. (In re Pancake)*,
105 F.3d 1242 (5th Cir. 1997)...……………………………………………………………….7

*Parklane Hosiery Co. v. Shore*,
439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)……………………………………………7

*Porter Haden Co. v. Bullinger*,
350 Md. 452, 713 A.2d 962 (Md. 1997)………………………………………………………8

*Roach v. Stastny*,
104 F.2d 559 (7th Cir. 1939)…………………………………………………………….……5

*Schiller v. Physicians Res. Grp., Inc.*,
342 F.3d 563 (5th Cir. 2003)……………………………………………………………….…5

*Templat v. Hydrochem Inc.*,
367 F.3d 473 (5th Cir. 2004)…………………………………………………………….....2

*Universal American Barge Corp. v. J-Chem, Inc.*,
946 F.2d 1131 (5th Cir.1991)………………………………………………………………..7

*U.S. v. Shanbaum*,
10 F.3d 305 (5th Cir. 1994)………………………………………………………………….7

*Venegas-Hernandez v. Sonolux Records*,
370 F.3d 183 (1st Cir. 2004)…………………………………………………………………2

**Statute**

California Code of Civil Procedure §1286.2……………………………………..…………..5

Federal Arbitration Act, 9 USC §10……………………………………..……………..... 3, 5

**Authorities**

18 C.A. Wright, A.R. Miller & E.H. Cooper, Federal Practice & Procedure § 4442 (1981)……..8

C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1442 (3rd. 1999) (updated Apr. 2021)……………………………………………………………………………………………8

Mallen and Levit, Legal Malpractice § 1 (2d ed. 1981)…………………………………..……....4

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant, Land Gorilla, Inc. ("LG"), through undersigned counsel, who respectfully files this Response to Plaintiff, Siwell, Inc. d/b/a Capital Mortgage Services of Texas's ("CMS") Motion to Amend or Alter Judgment ("Motion")[1] and respectfully represents as follows:

## I. SUMMARY OF THE ARGUMENT.

Relief under Fed. R. Civ. Pro. 59(e) "is an extraordinary remedy that should be used sparingly."[2] "While district courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment,' denial is favored."[3]

Solely based on the naked *allegation* that CMS's arbitration counsel committed legal malpractice, CMS seeks to undo a Judgment entered in LG's favor, following an Arbitration that fully adjudicated the competing claims of LG and CMS. But CMS confuses *newly discovered evidence* under Rule 59(e) with a *newly uncovered cause of action* against its California counsel. Indeed, that professional liability claim is a collateral proceeding, with separate facts, parties, causes of action, and (to be sure) a strident defense by that law firm pointing to CMS's inferior position in that arbitration proceeding which resulted in an adverse judgment.[4]

Further, CMS's argument in this Rule 59(e) Motion is undermined by its failure to have timely moved to vacate the (well-reasoned) Arbitration Award,[5] citing professional malpractice or any other basis.

---

[1] Doc. 45.
[2] *Id*.
[3] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).
[4] The Arbitrator showed every consideration for CMS's position by considering its defenses, even though CMS failed to file an Answer. Doc. 34-2, Arbitration Award, p. 6 ("Although CMS did not raise affirmative defenses, by not filing a Rule 9(a) answer, in the interests of completeness, the Arbitrator will consider [CMS's] defenses.")
[5] *See* n. 10, *infra*.

Rather, CMS pivots and makes the tortured argument that the March 26, 2021 Default Judgment against Co-Defendant William Berthelette,[6] entered prior to the September 2, 2021 Arbitration Award, somehow renders that Arbitration Award a nullity. But even that argument is legally infirm: a) the First Amended Motion for Default Judgment never put on a *prima facia* case even as to Mr. Berthelette, let alone LG;[7] b) a default judgment against one party is not binding on another party; and c) CMS is plain wrong - its California counsel argued in the Arbitration that fraud voided the MSA, as position which was considered and rejected by the Arbitrator.

For these reasons and those which follow, CMS's Motion must be denied.

**II.     ARGUMENT.**

    *A.     Fed. R. Civ. Pro. 59(e) – Generally Applicable Law.*

"A motion to alter or amend the judgment under Rule 59(e) 'calls into question the correctness of a judgment.'"[8] "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[9] "Such as motion 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[10] "Instead, a motion for new trial under Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"[11] "Manifest error is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[12] CMS must show manifest error of law or fact with

---

[6] Doc. 31, Default Judgment in the amount of $59,226.64.
[7] *See* Doc. 27, First Amended Motion for Default Judgment, and Doc. 24, Order and n. 1.
[8] *Brandstetter v. Astrue*, 6:11-cv-00016-C-BL, Doc. 38, *2 (N.D. Tex. May 29, 2012), adopted August 20, 2012 (Doc. 40) (Judge Cummings presiding), *citing Templat v. Hydrochem Inc.*, 367 F.3d 473, 478-479 (5th Cir. 2004).
[9] *Id*.
[10] *Id*.
[11] *Id*.
[12] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (*quoting Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

respect to the Final Judgment, or stated another way, CMS must show a fundamental flaw in the Court's Final Judgment. CMS fails to allege, let alone show, that the Court rendered manifest error in the Final Judgment.

Relief under Rule 59(e) "is an extraordinary remedy that should be used sparingly."[13] "While district courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment,' denial is favored."[14] CMS argues two of the Rule 59(e) grounds: newly discovered evidence and manifest error. The Court should reject both grounds.

    B.    *CMS's Rule 59(e) Motion masquerades as a Motion to Vacate and is filed out of time.*

CMS's Motion asks the Court to vacate the Arbitration Award and issue judgment in CMS's favor.[15] It is not a Rule 59(e) Motion; rather, it is an untimely Motion to Vacate the Arbitration Award.

The FAA provides that CMS must serve on LG any notice to vacate the Arbitration Award within three months after the Arbitration Award was filed or delivered:[16] December 2, 2021.[17] CMS first served LG with notice to vacate the Arbitration Award in its Motion filed February 25, 2022,[18] well after December 2, 2021.

To the extent the CAA applies, CMS must serve and file any petition to vacate the Arbitration Award no later than 100 days after the date of the service of a signed copy of the

---

[13] *Id.*
[14] *Hale*, F.3d, at 921.
[15] Doc. 46, p. 17 ("Plaintiff respectfully requests and prays that the Court: . . . issue an order and declaratory judgment under Rule 57 and 28 U.S.C. Section 2201(a) in favor of Plaintiff as to the remaining claims between it and LG, as they all ultimately stem from the void MSA between LG and CMS . . .").
[16] FAA, 9 USC §10.
[17] Doc. 34-2, pp. 9, 10 (showing Arbitration Award issued and delivered on September 2, 2021).
[18] Doc. 45.

award:[19] December 11, 2021.[20] CMS filed its Motion on February 25, 2022,[21] well after December 11, 2021.

CMS did not timely seek to vacate the Arbitration Award and CMS's disguised motion under Rule 59(e), seeking the identical relief, must be denied.

  C. *CMS confuses newly discovery evidence with a newly uncovered cause of action, the latter being a collateral proceeding divorced from the finality of the Arbitration Award.*

CMS primarily bases its Motion on allegations that its California counsel in the arbitration committed legal malpractice as to the Arbitration Award.[22]

Legal malpractice may be defined as "a breach by an attorney of either the standard of care or of the standard of conduct."[23] The elements of a legal malpractice cause of action are duty, breach, proximate cause, and damages.[24] Proximate cause requires proof that (1) the negligent act or omission was a substantial factor in bringing about the harm at issue, and (2) absent the negligent act or omission, the harm would not have occurred.[25]

CMS's legal malpractice case against its former counsel, to the extent it pursues one, is a different cause of action than the underlying case that was the subject of the Arbitration. There are different objects of relief, different witnesses, and different evidence, none of which constitutes "new evidence" under Rule 59(e). CMS's allegation of legal malpractice is a collateral proceeding,

---

[19] CAA, California Code of Civil Procedure § 1288.
[20] Doc. 34-2, pp. 9, 10 (showing written and signed Arbitration Award delivered to CMS on September 2, 2021).
[21] Doc. 45.
[22] Doc. 46, p. 14.
[23] Mallen and Levit, Legal Malpractice § 1 (2d ed. 1981).
[24] *Kuzmin v. Schiller*, No. 05-13-01394-CV, 2015 WL 150206, at *3 (Tex. App.—Dallas Jan. 8, 2015, no pet.) (mem. op.).
[25] *Id*.

neither grounds to alter or amend the Final Judgment[26] nor grounds to vacate the Arbitration Award.[27]

> D. *CMS was aware of facts giving rise to a professional liability claim before the Final Judgment; CMS cannot use Rule 59(e) to argue it now.*

On a Rule 59(e) motion, "courts will not address new arguments or new evidence that the moving party could have raised before the decision issued."[28] Under Rule 59(e), CMS must allege newly discovered facts that could not have discovered by proper diligence.[29] Newly discovered facts, for purposes of Rule 59(e) do **not** include facts known to a party but not disclosed to the party's counsel.[30]

---

[26] "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwartz Pharma, Inc*., 702 F.3d 177, 182 (5th Cir. 2012), *citing Schiller v. Physicians Res. Grp., Inc*., 342 F.3d 563, 567 (5th Cir. 2003).

[27] See Federal Arbitration Act ("FAA"), 9 USC §10 (grounds to vacate arbitration award limited to where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitration, or either of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted as not made.

To the extent the California Arbitration Act ("CAA") applies, see California Code of Civil Procedure §1286.2 (grounds to vacate arbitration award limited to where: (1) the award was procured by fraud or corruption; (2) there was corruption in the arbitrator; (3) the arbitrator committed misconduct resulting in substantial prejudice; (4) the arbitrators exceeded their powers; (5) the arbitrator refused to postpone a hearing, hear evidence, or otherwise violated the CAA. resulting in substantial prejudice; or (6) the arbitrator refused to disclose grounds for disqualification.

[28] *Banister v. Davis*, 140 S.Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or new evidence that the moving party could have raised before the decision issued" on a Rule 59(e) motion); *Mason v. Fremont Inv. & Loan*, No. 3:15-cv-1909-K-BN, 2016 WL 750941, *4-5 (N.D. Tex. Feb. 2, 2016), report and recommendation adopted, No. 3:15-cv-1909-K, 2016 WL 740385, *1 (N.D. Tex. Feb. 24, 2016) (court denies Rule 59(e) motion because, among other reasons, movant could have raised his quiet title argument prior to judgment).

[29] *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954); *see also Diaz v. Methodist Hosp*., 46 F.3d 492 (5th Cir. 1995).

[30] *Farm Credit Bank of Tex. v. Guidry*, 110 F.3d 1147, 1154 (5th Cir. 1997) ("We today join those of our fellow circuits that have recognized the rule that facts known to a party before trial, even though they were not disclosed to his attorney until after trial, need not be regarded as "newly discovered" facts for purposes of Rule 59"), overruled on other grounds by *Canfield v. Orso (in re Orso)*, 283 F.3d 686 (5th Cir. 2002); see also *Roach v. Stastny*, 104 F.2d 559, 562 (7th Cir. 1939)("[T]he court was not bound to order a new trial on the ground of newly discovered evidence in order to enable appellant to set forth facts within his own knowledge at the time of the trial, even though their existence may not have been known to his attorney then, and their significance was not known to himself.").

CMS argues that it did not know it had a legal malpractice argument to raise until it retained new counsel to review the file, which was after entry of the Final Judgment.[31] But Mr. Lewis' Affidavit belies that assertion when he testifies, "[w]hile Mr. Nunley [CMS California counsel] did attend, via video conference, the Arbitration hearing itself, I did not feel I nor he was adequately prepared for the Arbitration, and ultimately, CMS did not prevail in the arbitration."[32]

Mr. Lewis' observation of his counsel occurred during the arbitration hearing on February 2, 2021 and February 9, 2021.[33] If Mr. Lewis believed that CMS was not adequately represented at the arbitration hearing, CMS could have asserted a professional liability claim before the Arbitrator issued the Arbitration Award on September 2, 2021,[34] or in a timely Motion to Vacate. CMS did not do so and, therefore, waived its argument that professional liability of its arbitration counsel is a basis to vacate that award. Likewise, that contention cannot be "newly discovered facts" for purposes of a Rule 59(e) Motion.

> E. *CMS's argument that the default judgment against Mr. Berthelette applies to LG is untenable and contrary to prevailing jurisprudence.*

CMS argues that CMS's default judgment against Mr. Berthelette equally adjudicated the fraud claim against LG such that the Arbitration Award in LG's favor is a nullity.[35] This tortured argument is both preposterous and legally infirm.

> a. The First Amended Motion for Default Judgment never put on a *prima facia* case even as to Mr. Berthelette, let alone LG.

CMS's (Original) Motion for Default Judgment was denied by this Court, finding same was deficient.[36] A First Amended Motion for Default was subsequently filed, citing service upon

---

[31] Doc. 46, p. 14.
[32] Doc. 46, p. 23.
[33] Doc. 34-2, p. 2.
[34] Doc. 34-2, p. 9.
[35] Doc. 46, p. 12, 15.
[36] *See* Doc. 27, First Amended Motion for Default Judgment, and Doc. 24, Order and n. 1.

Mr. Berthelette and, on that basis, the Court granted the Motion.[37] At no point did CMS put on a *prima facia* case against Mr. Berthelette, let alone LG. *See* Doc. 27, *passim*.

### b. The Default Judgment against Mr. Berthelette is of no moment as to LG.

CMS argues that by entering the default judgment against Mr. Berthelette, this Court "adjudicated" against LG that the MSA was void due to fraud.[38] CMS cites no authority because that is not the law. CMS's default judgment against Mr. Berthelette does not operate as issue preclusion in the Arbitration between CMS and LG.

Under federal law, issue preclusion (or collateral estoppel) is appropriate only if four conditions are met: (1) the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action; (2) the issue must have been fully and vigorously litigated in the prior action; (3) the issue must have been necessary to support the judgment in the prior case; and (4) there must be no special circumstance that would render preclusion inappropriate or unfair.[39] "Generally federal law holds that the doctrine of collateral estoppel is not applicable to those prior judgments entered by default because, as just set forth above, the issues to be precluded were not 'actually litigated' in the prior proceeding."[40]

The Fifth Circuit has held that the "fully and fairly litigated" requirement is satisfied only when there is an evidentiary hearing prior to the entry of the default judgment.[41] A default judgment

---

[37] Doc. 27, 30, 31.
[38] Doc. 45, p. 3; Doc. 46, pp. 7, 11, 12, 16.
[39] *U.S. v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994) *citing Universal American Barge Corp. v. J-Chem, Inc*., 946 F.2d 1131, 1136 (5th Cir.1991) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-32, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979)).
[40] *In re Maresh*, 277 B.R. 339, 346 (Bankr. N.D. Ohio 2001), *citing Frank v. Daley (In re Daley)*, 776 F.2d 834, 838 (9th Cir.1985) (citation omitted), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). See also *N. Atl. Distrib., Inc. v. Teamsters Local Union No. 430*, 497 F. Supp. 2d 315, 320 (D.R.I. 2007) (holding federal law does not allow default judgment to have preclusive effect for collateral estoppel); *Bush v. Balfour Beatty Bahamas, Ltd*., 62 F.3d 1319, 1322, 1323 (11th Cir.1995) (noting default judgment generally does not support application of collateral estoppel under federal law).
[41] *Pancake v. Reliance Inc. Co. (In re Pancake),* 105 F.3d 1242, 1244 (5th Cir. 1997) (interpreting Texas law).

does not support issue preclusion because "the essential foundations of issue preclusion are lacking for want of actual litigation or actual decision of anything" and because "a defendant may suffer a default for many valid reasons other than the merits of the plaintiff's claim."[42]

This Court entered the default judgment against Mr. Berthelette without conducting an evidentiary hearing; hence, the alleged fraud issues were never "fully and fairly litigated" and issue preclusion does not apply. Moreover, issue preclusion would not apply to LG who was not even a party to the default judgment - a default judgment simply does not support issue preclusion against a non-defaulting party.[43]

As a matter of law, CMS's default judgment against Mr. Berthelette does not support issue preclusion against LG and does not render the Arbitration Award in LG's favor a nullity.[44]

        c. CMS's California counsel argued in the Arbitration that fraud voided the MSA, as position which was considered and rejected by the Arbitrator.

CMS's Motion is replete with erroneous assertions of facts requiring correction. CMS argues that CMS's claims do not appear to have been considered in the Arbitrator's final award against CMS[45] and that there was no mention in the Arbitration hearing that the MSA was invalid and unenforceable.[46] These assertions are wrong.

---

[42] C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1442 (3rd. 1999) (updated Apr. 2021).
[43] *Porter Haden Co. v. Bullinger,* 350 Md. 452, 480-81, 713 A.2d 962 (Md. 1997) abrogated on other grounds by *John Crane, Inc. v. Scribner*, 800 A.2d 727 (Md. 2002) (stating "general rule" that a default judgment will not support issue preclusion against a non-defaulting party, citing 18 C.A. Wright, A.R. Miller & E.H. Cooper, Federal Practice & Procedure § 4442, at 337 (1981)); see also *Cabello v. Northwestern Nat'l Ins. Grp.,* No. 08-99-00281-CV, 2000 WL 1514095, at *3-4 (Tex.App. – El Paso Oct. 12, 2000, no pet.) (not designated for publication) (default judgment could not support issue preclusion against non-defaulting party).
[44] *Cabello,* 2000 WL 1514095, at *3-4.
[45] Doc. 46, p. 9.
[46] *Id*. at 12.

It is within the Arbitrator's purview to decide whether the MSA was void due to fraud[47] and CMS's California counsel made that argument:[48]

> The evidence to be presented will establish that the MSA failed, ab initio or was reasonably and appropriately rescinded by [CMS] and that [CMS] is not liable to [LG] in damages or at all. Further it will establish that [LG] defrauded [CMS] with respect to the agreement and [LG] is liable to [CMS] in damages.[49]

In her well-reasoned Award, the Arbitrator considered and rejected each of CMS's affirmative defenses, including that Mr. Berthelette made misrepresentations and that CMS relied upon them.[50]

CMS also argued in its Motion that "LG never disclosed (to the best of our knowledge) to JAMS that CMS already had pending claims against LG in the [Texas] State Court."[51] That is also incorrect. The Arbitration Award recites, "CMS named LG as a defendant in a lawsuit in Texas, regarding the [MSA] Agreement. LG promptly bought a motion to compel arbitration which CMS did not oppose."[52]

### III. CONCLUSION

CMS's contention that its arbitration counsel committed malpractice by, among other things, failing to bring up the Default Judgment, is a collateral proceeding available to CMS. It is not "newly discovered evidence" upon which CMS can use Rule 59(e) to vacate the Arbitration Award which effort itself would be untimely.

---

[47] *Buckeye Check Cashing, Inc v. Cardegna*, 546 U.S. 440, 449 126 S.Ct. 1204, 1210 (2005) ("We reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.")
[48] CMS Arbitration Brief dated January 15, 2021, Exhibit "A," pp. 3-6. *See also* CMS Post Arbitration Brief, Exhibit "B," *passim*.
[49] *Id*. at 6.
[50] Doc. 34-2, pp. 6-8.
[51] Doc. 46, p. 9.
[52] Doc. 34-2, p. 6.

And the Default Judgment itself is of no moment where Fifth Circuit precedent holds it cannot be used as a basis for issue preclusion against a non-defaulting party.

Finally, CMS's erroneous citations to the underlying record undermine its Rule 59(e) arguments, such that its Motion, in its entirety, must be denied.

WHEREFORE, Defendant Land Gorilla, Inc. prays this Honorable Court deny CMS's Motion to Alter or Amend the Judgment and grant all further relief to which LG may be justly entitled, including attorneys fees incurred in responding to this Motion.[53]

Respectfully submitted,

By: */s/ Jonathan M. Herman*
Jonathan M. Herman (TX Bar No. 24052690)
Michael L. Hood (TX Bar No. 09943435)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Santander Tower
Dallas, Texas 75201
Telephone:   (214) 624-9805
Facsimile:    (469) 383-3469
jherman@herman-lawfirm.com
mhood@herman-lawfirm.com

*Counsel for Defendant Land Gorilla, Inc.*

## CERTIFICATE OF SERVICE

On March 17, 2022, I electronically submitted the foregoing document and its supporting papers with the Clerk of the Court using the electronic case filing system of the Court. I hereby certify that I have served all counsel or pro se parties of record electronically or by another method of service authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jonathan M. Herman*
Jonathan M. Herman

---

[53] Within 14 days of the Court's Order denying CMS's Motion, LG reserves all rights to request leave to supplement its attorneys' fee request (Doc. 34, pp. 4-5) to include the additional fees incurred responding to CMS's Rule 59(e) Motion, all as part of its post-judgment collection efforts.