IN THE UNITED STATES DISTRICTCOURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS<br>*Plaintiff,*<br><br>v.<br><br>WILLIAM BERTHELETTE AND LAND GORILLA, LLC<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:19-cv-00025 |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Siwell, Inc. d/b/a Capital Mortgage Services of Texas, Plaintiff ("**CMS**"), and hereby files this Reply to Defendant Land Gorilla, LLC's ("**LG**" or "**Defendant**") Response to Plaintiff's Motion to Amend or Alter Judgment as permitted by Northern District Texas Local Rule 7.1(f), and respectfully shows the Court as follows:

I.

ARGUMENT AND AUTHORITIES

A.  **There Exists Newly Discovered Evidence as to Proceedings Tainted with Malpractice.**

1.  Defendant LG accurately notes that in Plaintiff's Motion to Amend or Alter Judgment ("**Motion**") the Plaintiff "argues two of the Rule 59(e) grounds: newly discovered evidence and manifest error." ECF Doc. No. 47, at 3. In the present matter, the newly discovered evidence is not merely a cause of action for legal malpractice, but more applicably, it is evidence that the arbitration underlying and the basis of the Final Judgment was wholly tainted by the

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment    Page **1 of 10**
{00556813.DOCX - ver}

inadequate representation of Plaintiff's former California arbitration counsel; essential evidence that was NOT presented to the Court prior to its rendering Final Judgment. Moreover, Defendant attempts to ignore this evidence by contending the subject legal malpractice has no relevance to the proceeding which occasioned it. While it is true that the Plaintiff does enjoy a separate cause of action against its former arbitration counsel, this Court cannot be made blind to the injustice resulting from the outcome of a proceeding infected with professional negligence, and is not bereft of its ability to do equity when presented with such newly discovered evidence. *See, e.g., Wilson v. Atwood Grp.*, 725 F.2d 255, 258 (5th Cir. 1984) (implying the possibility that "unique circumstances" might exist to "excuse untimeliness" if "related to counsel's failure...."); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402–03 (5th Cir. Unit A, Jan. 1981) (holding that the denial of a motion under Rule 60 which imposed a default judgment upon a party as a result of its attorney's professional negligence "was sufficiently misaligned with the equities as to warrant reversal" and that in such a situation, the "equities...would militate in favor of relief"). When presented with such circumstances, the Court is unquestionably empowered with the discretion to dispense equity as requested here.

  2. The Defendant further attempts to suggest that the newly discovered evidence of professional negligence and/or legal malpractice within the arbitration proceeding is not actually newly discovered, but was known to CMS via the contents of Royce Lewis's affidavit. ECF Doc. No. 46-1 (". . . I did not feel I nor he [arbitration counsel] was adequately prepared for the Arbitration . . . ."). However, the fact that Mr. Lewis contemporaneously felt uneasy about the case's preparation does not mean he knew, or even should have known, of the professional negligence and/or legal malpractice that had occurred until after he was informed by another learned intermediary that the legal representation he received was substandard. The inherent

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment Page **2** of **10**
{00556813.DOCX - ver}

suspicion of an admittedly veteran businessman should not be confused with the professional evaluation of experienced practitioners, especially since this Motion does not seek to adjudicate Plaintiff's malpractice claim, but only asks the Court to equitably recognize its Final Judgment is based upon proceedings affected by same.

**B.     The Court Misapprehended the Facts and Law as Being Properly Stated by the Arbitration Award Which Will Lead to Manifest Injustice if Not Altered.**

3.      The Court issued its Final Judgment based upon an arbitration award that the Court very likely believed was a full expression of the matters in dispute between the parties, and not a one-sided affair. As evidenced to the Court by Royce Lewis's attached affidavit ECF Doc. No. 46 at 21-23, Plaintiff suffered an adverse outcome in the arbitration that resulted from Plaintiff's California arbitration counsel choosing to forgo pursuit of any investigation, development, claims and defenses of the facts prior to the arbitration proceeding itself. Though advised minimal effort was made by the arbitrator to consider potentially available defenses, the arbitrator could not sacrifice neutrality while also performing the zealous advocacy necessary for adequate representation by counsel in an inherently adversarial proceeding, nor could, nor did, the arbitrator perform the pre-arbitration investigation of facts similarly necessary for adequate representation. Further, where the legal malpractice tainted the entire arbitration proceedings, as it was a fact not considered by this Court at the time of its Final Judgment, and thus, it is a proper basis for altering or amending the judgment under Rule 59(e).

4.      The Defendant inappropriately attempts to bind the Court's hands and circumscribe its ability to rule in equity by ignoring, or incorrectly narrowing, the broad spectrum of the Court's discretionary powers. It is true that Rule 59(e) provides "'an extraordinary remedy that should be used sparingly,' but courts have a great deal of discretion in ruling on a 59(e) motion." *Jones v.*

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment        Page **3** of **10**
{00556813.DOCX - ver}

*Stephens*, 998 F. Supp. 2d 529, 536 (N.D. Tex. 2014) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Further, and despite the contentions by Defendant that a separate cause of action for professional negligence or legal malpractice is entirely divorced from the proceedings which occasioned it, "there is no general definition of manifest injustice; it is a case-by-case decision based on equitable considerations." *Jones v. Stephens*, 998 F. Supp. 2d at 536; *see also Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10cv4295, 2012 WL 1952265, *4 (S.D. Tex. May 30, 2012) (and citations therein). Therefore, the Court is both empowered and encouraged to use its equitable powers to correct what otherwise would lead to a manifest injustice as in this case.

    **C.**    **A Post-Answer Default Judgment has Preclusive Effect in the Fifth Circuit.**

5.    The final judgment issued against Defendant Berthelette—who appeared in this case, but whose pleadings were stricken and subsequently defaulted—**MEETS** the Fifth Circuit's standard for an actually litigated issue precluding its re-litigation in the arbitration proceedings. *See In re Laughlin*, No. 09-35842-H4-07, 2012 WL 1014754, at *10 (Bankr. S.D. Tex. Mar. 23, 2012) ("Under Fifth Circuit case law, collateral estoppel applies even to an issue that resulted in a default judgment . . . .") (citing *In re Garner*, 56 F.3d 677 (5th Cir.1995); *In re Pancake*, 106 F.3d 1242 (5th Cir.1997); and *In re Harrison*, 180 Fed. App'x 485 (5th Cir.2006)). To have such preclusive effect, the Fifth Circuit has stated "[w]e recently held in *In re Garner* that issues in a post-answer default judgment are actually litigated for purposes of collateral estoppel and may be given preclusive effect in a subsequent . . . proceeding. . . ." *Matter of Gober*, 100 F.3d 1195, 1204 (5th Cir. 1996) *abrogated on other grounds by Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) *as recognized in Matter of Canton*, 157 F.3d 1026, 1030 (5th Cir. 1998) (citing *Matter of Garner*, 56 F.3d 677, 680 (5th Cir. 1995)); *see also In re Hillebrandt*, No. 10-01437-NPO, 2011 WL 2447738,

RE: *Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment    Page **4 of 10**
{00556813.DOCX - ver}

at *15 (Bankr. S.D. Miss. June 15, 2011) (acknowledging "an exception recognized by the Fifth Circuit when a final default judgment has been entered after the absent defendant has filed an answer"). Admittedly, this is not the case in other Circuits to which the Defendant cites to the Court, but the Fifth Circuit DOES allow this standard as cited above. *See, e.g., In re Schriver*, 218 B.R. 797, 802 (E.D. Va. 1998) (acknowledging the distinction between the Fourth and the Fifth Circuit case law).

6. Additionally, the reviewing tribunal, here encompassing both the arbitration and this Court, were obligated to investigate whether the issues being litigated were already determined, such that the Default Judgment against Defendant Berthelette should have been preclusive of the subject Master Service Agreement ("MSA") in any subsequent proceeding or final judgment. *In re Laughlin*, at *10 ("The reviewing court 'is required to fully investigate a record and to determine if a default judgment should have preclusive effect.'") (citing and quoting *Harrison*, 180 Fed. App'x 485 at 488). The arbitrator failed to apply this standard, very likely because she was never asked to by the California arbitration attorney to do so nor was she informed at any point about the existing prior Final Judgment against Defendant Berthelette in favor of Plaintiff. Furthermore, this Court was unable to apply this standard because the Court was not given the opportunity to consider these facts and issues; however, this Court is well within its equitable powers to alter or amend the complained-of Final Judgment based on an improper and invalid arbitration proceeding which should have been entirely precluded by CMS's invaluable and dispositive defense of collateral estoppel.

### D. The Default Judgment Against Defendant Berthelette Incorporates a Prima Facie Case Undermining the Legitimacy of the MSA Made in Plaintiff's Well-Pled Complaint.

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment   Page **5** of **10**
{00556813.DOCX - ver}

7. Contrary to Defendant's assertions, the prima facie case of fraud vitiating the MSA was made and rendered by the Default Judgment against Defendant Berthelette because all well-pled allegations of fact are admitted by a defaulted defendant. The Fifth Circuit has held,

> Because [defaulted defendant] has failed to file a responsive pleading, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). [Defaulted defendant]'s failure to appear and respond to [Plaintiff]'s complaint has halted the adversary process and prejudiced [Plaintiff]'s interest in pursuing its claims for relief. *J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotation marks omitted).

*Yeti Coolers, LLC v. Zhejiang Zhuosheng Indus. & Trade Co.*, No. 1:17-CV-821-RP, 2019 WL 2568748, at *2 (W.D. Tex. June 21, 2019). Therefore, the Default Judgment against Berthelette served to admit ALL of the Plaintiff's well-pleaded complaint, which more than includes a prima facie case for fraud negating the contract upon which the Arbitration award and Final Judgment were based, and which was never considered by or brought to the attention of the arbitrator. Accordingly, a party cannot sue on a fraudulent contract, where the Default Judgment admitted all facts plead against Berthelette, which facts absolutely made a prima facie case against Berthelette and LG as to causes of action for unjust enrichment, negligent misrepresentation, fraud, breach of fiduciary duty, fraudulent inducement and detrimental reliance. *See* ECF Doc No. 1-2 at 4-5.

E. **The Plaintiff has not Made False Statements as Claimed by LG, but has Vigorously Advanced Factual Contentions and Legal Conclusions in an Effort to Invoke this Court's Powers of Equity, as is Plaintiff's Right.**

8. CMS did not ask for the subject arbitration award to be vacated; rather, only for this Court to fully recognize the facts and law as presented to it under the arbitration award which was the basis of the complained-of Final Judgment. Specifically, CMS only asks for the Final

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment   Page 6 of 10
{00556813.DOCX - ver}

Judgment to be vacated, and for this Court to grant declaratory relief, all of which the Plaintiff is uncontestably entitled to request and this Court is unquestionably with discretion to grant. *See* ECF Doc. No. 45 at 3 ("Thus, for the reasons stated herein and in the Brief, the Final Judgment should be vacated, and this Court should issue an order and declaratory judgment....").

Further, while LG claims that "CMS's Motion is replete with erroneous assertions of facts requiring correction[,]" the only two "erroneous assertions" cited to the Court's attention are both demonstrably true and are also the subject of legitimate dispute between the parties. ECF Doc. No. 47. First, the argument that "CMS's claims do not appear to have been considered in the Arbitrator's final award against CMS . . .," *id.*, is not an erroneous assertion, but instead accurately conveys the Plaintiff's argument that, because it had no opportunity to review or participate in the preparation of the arbitration documents submitted on its behalf, its State court claims went unnoticed and unmentioned by its California arbitration counsel. That the arbitrator, sua sponte, considered some affirmative defenses in her award does not undermine the veracity of the statement, because the statement made is that "CMS's claims" were not considered; and in fact, they were not even presented to the Arbitrator. *See, e.g.*, ECF Doc. No. 34-2 at 2 (which does not appear to contemplate reviewing the arbitration briefing attached to Defendant's Response as Exhibit A, ECF Doc. No. 47-1, as it expressly states "Claimant [LG] alleged a breach of contract, and breach of the covenant of good faith and fair dealing. *No answer was filed.* Therefore, the Arbitrator proceeded as if a general denial had been made and no affirmative defenses were raised.") (emphasis added). Whether or not Plaintiff's California arbitration counsel did in fact put that document before the Arbitrator, it does not appear from the Arbitrator's decision that the Arbitrator was aware of it, or that the Arbitrator knew CMS had previously made any claims at all. *Id.* at 6 ("Although CMS did not raise affirmative defenses, by not filing a[n]...answer, in the

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment   Page 7 of 10
{00556813.DOCX - ver}

interests of completeness, the Arbitrator will consider its defenses."). Second, the Defendant claims "CMS also argued in its Motion that 'LG never disclosed (to the best of our knowledge) to JAMS that CMS already had pending claims against LG in the [Texas] State Court.' That is also incorrect." ECF Doc. No. 47 at 9. While the claim itself (that the arbitrator was not made aware of CMS's claims made in state court proceedings) is relatively benign, and complements the Plaintiff's assertion that its claims were not considered or even fully appreciated by the arbitrator, it is not rendered false by the Defendant's citation to the Arbitration Award which recited an awareness of "a lawsuit in Texas." ECF Doc No. 47-1. Instead, it is quite likely that language in the arbitration decision is a reference to this federal court litigation which prompted the arbitration. CMS contends that the arbitrator had no knowledge of the underlying state court case, pleadings, and allegations; and in fact, based on the Arbitration Award's apparent non-consideration of any claims *actually made by the Plaintiff and not merely academically considered*, it was in fact so. The foregoing is scant evidence of a Motion "replete with erroneous assertions . . ." as Defendant boldly claimed in its Response, and the Plaintiff should not be denied equity by this Court because of Defendant's uncharitable interpretations of legitimate argumentation.

## II.

## CONCLUSION

The Plaintiff has provided an ample showing that there exists newly discovered evidence as to the arbitration proceeding being tainted with legal malpractice, and to which this Court was unaware and to which it had not fully considered the facts and legal positions of the parties, and thus rendered a Final Judgment which will lead to manifest injustice if not altered. Plaintiff is entitled to the preclusive effects of the Defendant Berthelette's post-answer default judgment in this jurisdiction, and that Default Judgment rendered against Defendant Berthelette incorporates a

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment   Page **8** of **10**
{00556813.DOCX - ver}

prima facie case undermining the very legitimacy of the MSA as made in Plaintiff's well-pled complaint. Finally, the Plaintiff has not made false statements as Defendant claims, but has only advanced factual contentions and legal conclusions in an effort to invoke this Court's powers of equity, as is Plaintiff's right.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Amend or Alter Judgment, and for Declaratory Judgment on all causes of action between Plaintiff and Defendant LG, as adopted by this Court in its judgment in favor of Plaintiff against Defendant William Berthelette.

> Respectfully submitted,
>
> **MCWHORTER COBB and JOHNSON, L.L.P.**
> 1722 Broadway
> Lubbock, TX 79401
> P.O. Box 2547
> Lubbock, Texas 79408-2547
> Telephone: (806) 762-0214
> Facsimile: (806) 762-8014
> Timothy T. Pridmore
> email: tpridmore@mcjllp.com
> SBN: 00788224
> R. Michael McCauley, Jr.
> SBN: 00797030
> email: mccauley@mcjllp.com
>
> /s/ Timothy T. Pridmore
> Timothy T. Pridmore
>
> /s / R. Michael McCauley, Jr.
> R. Michael McCauley, Jr.
>
> *ATTORNEYS FOR PLAINTIFF*

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment   Page **9** of **10**
{00556813.DOCX - ver}

## CERTIFICATE OF SERVICE

I, Timothy T. Pridmore, hereby certify that on the 29th day of March, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system as authorized of the Court as authorized by Federal Rule of Civil Procedure 5(b)(2). The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Keith C. Thompson
The Law Office of Keith C. Thompson, PC
11003 Quaker Avenue
Lubbock, TX 79424
Via eservice
*Prior Counsel for Plaintiff*

Jonathan M. Herman
Charles Wilson Hill
The Herman Law Firm
1601 Elm Street
Dallas, Texas 75201
Via eservice
*Counsel for Land Gorilla, LLC*

William Berthelette
Andrew B. Curtis
Bigbee & Curtis, LLP
11010 Indiana Avenue
Lubbock, TX 79453
Via eservice
*Counsel for William Berthelette*

                                                  /s/ Timothy T. Pridmore
                                                  Timothy T. Pridmore

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Amend or Alter Judgment    Page **10** of **10**
{00556813.DOCX - ver}