# IN THE UNITED STATES DISTRICTCOURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| **SIWELL, INC. D/B/A CAPITAL** | § | |
| **MORTGAGE SERVICES OF TEXAS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:19-cv-00025** |
| | § | |
| **WILLIAM BERTHELETTE AND** | § | |
| **LAND GORILLA, LLC** | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S RESPONSE AND BRIEF IN SUPPORT TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND BRIEF IN SUPPORT

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}                                                                                                    i

## TABLE OF CONTENTS

I. BACKGROUND..........................................................................................................1

II. ARGUMENT AND AUTHORITIES.....................................................................2

    **A. Relevant Factors for Considering Rule 55 Motion**

      **to Set Aside Default Judgment**..............................................................................2

    **B. Additional Arguments Advanced by Defendant**.....................................................4

          1. The Default Judgment against Defendant is not vitiated by the Defendant's
          argument of insufficient service............................................................................4

          2. Plaintiff's Motion for Default Judgment against Defendant sufficiently stated
          the requirements of Rule 55 in Keith Thompson's supporting affidavit for the
          default judgment....................................................................................................7

          3. While Plaintiff does not enjoy default as a matter of right, the Court issued a
          final default judgment on Plaintiff's well-pled complaint...................................8

          4. Defendant's assertion the Arbitration Award and Final Judgment thereon
          absolves Defendant of any liability to Plaintiff merely assumes the thing to be
          proven....................................................................................................................8

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*      ii
Plaintiff's Response and Brief in Support to Defendant's Motion to Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

## TABLE OF AUTHORITIES

### CASES

*Atlanta Gas Light Co. v. Semaphore Advertising, Inc.*,
747 F. Supp. 715, 718 (S.D. Ga. 1990)........................................................................................4

*City of Clarksdale v. BellSouth Telecommunications, Inc.*,
428 F.3d 206, 214 n.15 (5th Cir. 2005).......................................................................................6

*Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)........................................................5

*Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*,
346 F.3d 552, 563 (5th Cir. 2003)...............................................................................................3

*Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*,
899 F.2d 109, 112 (1st Cir. 1990)................................................................................................4

*Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)................................................................3

*Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)........................................................................8

*Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002)......................................................................7

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)............................................6

*Singh v. Wackenhut Corp.*, 252 F.R.D. 308, 310 (M.D. La. 2008)..............................................5

*U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004)..........................................9

*U. S. v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944 (N.D. Ind. 1975)...............................5

*Yeti Coolers, LLC v. Zhejiang Zhuosheng Indus. & Trade Co.*,
No. 1:17-CV-821-RP, 2019 WL 2568748, at *2 (W.D. Tex. June 21, 2019)..............................8

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015).........................10

### RULES

Fed. R. Civ. P. 5.........................................................................................................................5,6

Fed. R. Civ. P. 12.........................................................................................................................6

Fed. R. Civ. P. 55.....................................................................................................................2,4,7

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Response and Brief in Support to Defendant's Motion to Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

iii

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Siwell, Inc. d/b/a Capital Mortgage Services of Texas, ("**Plaintiff**" or "**CMS**"), and hereby files this Response and Brief in Support to Defendant Berthelette's ("**Berthelette** or "**Defendant**") Motion to Set Aside Default Judgment granted by this Court in Plaintiff's favor as permitted by Northern District Texas Local Rule 7.1(e), and respectfully shows the Court as follows:

## I.

## BACKGROUND

1.      Plaintiff served Defendant Berthelette by certified mail, return receipt requested, at his place of residence with the initial pleadings in this case in September. The date it was placed in the mail was September 29, 2018. ECF Doc. No. 26.

2.      Defendant admits that he resided at that location until November of 2018, and yet Defendant failed to make a timely appearance or answer. *See* ECF Doc. No. 48-1.

3.      Plaintiff moved to default Defendant on January 6, 2021. ECF Doc. No. 26.

4.      Plaintiff served Defendant with notice of the default motion, which Defendant *admits he received* and argues he made a timely appearance. ECF Doc. No. 48, 48-1. However, Defendant did not sufficiently respond, and his pleadings were stricken by the Court. ECF Doc. No. 29, 30.

5.      On January 12, 2021, Plaintiff moved to obtain default judgment against Defendant Berthelette, which as amended, was granted. ECF Doc. No. 30. In an effort to recoup some of the losses incurred by Plaintiff—due to the arbitration malpractice which wholly tainted the final judgment Plaintiff complains of in its Motion to Alter or Amend that judgment currently

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*                     1
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

before this Court, ECF Doc. No. 45—Plaintiff attempted to domesticate its final Default Judgment against Defendant Berthelette within the state of his known domicile.

6.     Now, Defendant Berthelette swears before this Court that despite the plain documentary evidence to the contrary, the Plaintiff's properly-addressed citation served by certified mail actually was delivered to his parents' home across the street and he never received service by mail. ECF Doc. No. 48-1, at 1. His argument rests upon the thin reed of an estrangement between himself and his father, who is alleged to have surreptitiously and improperly signed the return receipt for the certified mail without ever alerting Defendant. Though the estrangement is apparently over, and Defendant's mother is claimed to have delivered additional court documents to Defendant from the same residence where she resides with Defendant's father, *id.*, notably neither one of them has sworn to the facts as stated by Defendant.   Irregardless, Defendant Berthelette testified he was aware of the lawsuit and attempted to answer same.

7.     As the Court will plainly see, this defaulted Defendant's last-minute effort to enter the case now is merely a futile attempt to undermine Plaintiff's legitimate argument within its Motion to Alter or Amend the final judgment within this ultimate case that the default judgment against Defendant Berthelette precluded any hearing on the MSA by the arbitrator in the Arbitration.

## II.

### BRIEF IN SUPPORT
### ARGUMENT AND AUTHORITIES

#### A. Relevant Factors for Considering Rule 55 Motion to Set Aside Default Judgment

8.     The Defendant's Motion to Set Aside Default Judgment does not call attention to or even recite the factors that courts have considered in the context of a Rule 55 motion to set

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*                    2
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

aside a default judgment for good cause; likely because the Defendant does not satisfy them. The Fifth Circuit has said that three main factors are examined for determining "'good cause:' (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Additionally, "a finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292.

9.     Here, the evidence is clear from Defendant's own sworn affidavit that he has been aware of his default in this matter since at least November 2020, but willfully chose not to properly enter the lawsuit. *See* ECF Doc. No. 48-1 at 1 (". . . on November 19th of 2020 . . . was the first time I had any knowledge of the claims asserted against me."). From November 19, 2020 until February 17, 2022, the Defendant, by his own sworn admission, willfully took no action in the case, despite his admission that he had actual knowledge of the claims asserted against him. *Id.* Therefore, this Court should reject the Defendant's Motion out of hand, as it fails to satisfy the first factor and ends the Court's inquiry.

10.     Additionally, the Defendant does not anywhere in his Motion even so much as mention the extreme prejudice that his untimely motion would have upon the Plaintiff. Because of the malpractice of Plaintiff's California arbitration counsel infecting the Arbitration proceedings upon which the complained of Final Judgment was based, Plaintiff's argument rests on this Court's equitable recognition of the impropriety of that Arbitration Award underlying its Final Judgment as precluded by its finding against the defaulted Defendant Berthelette as to the well-pled allegations in Plaintiff's complaint, as amended. *See* ECF Doc. No. 45.

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}                                                                                                    3

11.     Finally, the Defendant has nowhere presented his own meritorious claim to this Court. Instead, he apparently relies upon the complained of Final Judgment and Arbitration Award, ECF Doc. No. 42, as a correct statement of his liability in the case. ECF Doc. No. 48, at 4. This assertion merely begs the question, assuming as proven the fundamental issue of whether the Arbitration Award can be properly relied upon as a statement of anything other than a one-sided compilation of the arguments advanced by the Plaintiff's adversaries stated as factual findings and legal conclusions. This cannot be the case.

12.     Because the Defendant failed to address any of the factors relevant to its Motion, the remaining portions of this brief will respond to the scattered arguments advanced by the Defendant, all of which are unavailing and none of which satisfy the exacting standard necessary to overturn a properly granted default judgment.

**B. Additional Arguments Advanced by Defendant**

**1. The Default Judgment against Defendant is not vitiated by the Defendant's argument of insufficient service.**

13.     While it is true that Rule 55 permits relief from a default judgment, the defaulted applicant must first be entitled to such relief. A defaulted defendant who has waited almost seventeen (17) months between the discovery of that default and properly asking the Court for relief is well outside of any permissible timeframe. In much less egregious cases of delay, federal courts have properly denied motions to set aside default judgments as exhibiting "a lack of due diligence." *Gen. Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 112 (1st Cir. 1990) (defaulted defendant waited approximately three months between discovery of default and asking court for relief, court properly denied defendant's motion to set default aside); *see also Atlanta Gas Light Co. v. Semaphore Advertising, Inc.*, 747 F. Supp. 715, 718 (S.D. Ga. 1990)

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*     4
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

(finding ten month of delay between notice of default and motion to set it aside an unreasonable delay and noting "[b]y no stretch of the imagination can it be said that defendant[]'s motion to set aside the entry of default was timely."); *U. S. v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944 (N.D. Ind. 1975) (finding a motion to set aside default entry was not timely where after failing for more than three months to file an answer the defendants then delayed for almost another month before moving to set aside the default; such conduct could not be characterized as "quick action" to correct the default). Here, the Defendant has admitted that he was aware of this lawsuit and his default since at least November 19, 2020, well over a year before now belatedly making this Motion, and is not entitled to relief due to such delay. *See Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992) (permitting the consideration of whether the party acted expeditiously to correct the default).

14.    Further, the Plaintiff effected sufficient service of process on the Defendant despite Defendant's new contentions that service was made upon his formerly-estranged father's address across the street. This is because the Plaintiff is not required to ensure delivery when performing service by mail as permitted under the Federal Rules of Civil Procedure, but only must place the papers in the mail. Fed. R. Civ. P. 5(b)(2)(C) (" . . . the service is complete upon mailing."); *see also Singh v. Wackenhut Corp.*, 252 F.R.D. 308, 310 (M.D. La. 2008) (service of process was complete upon counsel's mailing of notice via certified mail.) Here, Plaintiff provided service by certified mail, *see* ECF Doc. 26 at 5-6, to the last known address of the Defendant, where the Defendant by affidavit admits he did in fact actually live at the time service was made. ECF Doc. 48-1. While Defendant acknowledges the "certificate of service" was properly addressed to his residence, ECF Doc No. 48 at 1, 48-1, and the citation notice clearly bears the same address Plaintiff admitted was his residence at the time, id., see also ECF

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*                                                    5
Plaintiff's Response and Brief in Support to Defendant's Motion to Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

Doc No. 26 at 6-7, the Defendant now incredulously claims he did not receive adequate service of process. However, Plaintiff nor Plaintiff's attorney are required to confirm delivery or be clairvoyant, but must only ensure mailing to the last known address of the Defendant. Defendant admits the service of citation was properly addressed; therefore, the clear and plain documentary evidence of proper service fully comporting with due process must trump any self-serving claim of a delivery error asserted over three years post hoc. The Federal Rules clearly indicate the Defendant received all the process that he was due. Fed. R. Civ. P. 5(b)(2)(C).

15.     But even if it is true that the service by mail did not go to Defendant but to the Defendant's parents across the street, the Defendant demonstrated his actual knowledge of this lawsuit and his default in it by his attempt to file responsive pleadings which were rejected by the Court. ECF Doc. No. 29. While Defendant offers this fact as a mitigating circumstance to excuse his untimeliness, in reality this fact shows the Defendant willfully chose to not amend his pleadings to conform to the Court's requirements. Therefore, he received all the process he was due, as the Defendant clearly had notice and an opportunity to be heard that he subsequently squandered and thus waived. "Under our system of justice, the *opportunity* to be heard is the most fundamental requirement." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) (emphasis added). Defendant clearly knew of this lawsuit and his default in it well over a year ago and willfully ignored it, a fact not undone by his recent appearance contending lack of sufficient service of process.

16.     Still further, the Defendant made that appearance as to the Plaintiff's motion for default judgment without ever properly objecting to service of process, ECF Doc. Nos. 29, 30, and thus waived any claims as to insufficient service of process. Fed. R. Civ. P. 12(h)(1); *see also City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 n.15 (5th Cir.

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*     6
Plaintiff's Response and Brief in Support to Defendant's Motion to Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

2005) ("Filing an answer to the complaint without objecting to service of process does, however, waive a defendant's right to object to service of process."); *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction."). The Defendant clearly made a voluntary appearance before this Court after removal in which he failed to adequately challenge the service of process and invoked the judgment of the Court on non-jurisdictional issues, which waives any right to challenge the sufficiency of that service well over a year since he admitted he was actually aware of the lawsuit and his default judgment therein.

**2. Plaintiff's Motion for Default Judgment against Defendant sufficiently stated the requirements of Rule 55 in Keith Thompson's supporting affidavit for the default judgment.**

17.     The Plaintiff's motion for default judgment, as amended, including the affidavit of Keith Thompson, accurately recites facts and appends documents which inarguably lead to the conclusion that "the defaulting party: (1) is not an infant, in the military, or an incompetent person; (2) has failed to plead or otherwise defend the action; and (3) has been properly served with the pleading." ECF Doc. No. 48, *see also* ECF Doc. No. 26 at 12. The motion, documentary evidence, and Keith Thompson's affidavit in support of default judgment all clearly indicate the Defendant was not incompetent, an infant, or in the military, was properly served with the pleading, and failed to plead or otherwise defend the action. *Id.* at 2. It further includes additional documentary evidence from the U.S. Department of Defense and the U.S. Postal Service supporting those claims. *Id.* at 7, 9-10. Keith Thompson stated that "[t]he Lubbock County case access database indicates that Defendant Berthelette was served with citation and the State Court Petition on September 29, 2018 [and] . . . . [a] thorough review of both the State Court case

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*     7
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

record and the record of this suit after removal to this honorable Court show that no answer has been filed by Defendant Berthelette in this suit." ECF Doc. No. 26 at 12. Thus, the Plaintiff properly moved for and was granted its Default Judgment against Defendant Berthelette.

**3. While Plaintiff does not enjoy default as a matter of right, the Court issued a final default judgment on Plaintiff's well-pled complaint.**

18.    The Defendant has argued that the Plaintiff is not entitled to the Defendant's default as a matter of right, and cites the Court to *Lewis v. Lynn*, where a prisoner was not entitled to a default judgment against former prison officials as a matter of right due to their non-appearance; however, Defendant neglected to direct the Court's attention to the operative facts of the case which required the Fifth Circuit's affirmation of the District Court's denial, namely that "[t]he district court refused to enter a default judgment because it held that [Plaintiff's] factual allegations, even if found true, could not impose liability against [defaulted defendants]." 236 F.3d 766, 767 (5th Cir. 2001). Here, that is absolutely not the case, as the facts were sufficiently pleaded by the Plaintiff in its pleadings and amended pleadings, *see* ECF Doc. No. 1-2 at 4-5 (pleading a prima facie case against Berthelette and co-defendant as to causes of action for unjust enrichment, negligent misrepresentation, fraud, breach of fiduciary duty, fraudulent inducement and detrimental reliance). Further, all well-pled allegations of fact are admitted by a defaulted defendant. *Yeti Coolers, LLC v. Zhejiang Zhuosheng Indus. & Trade Co.*, No. 1:17-CV-821-RP, 2019 WL 2568748, at *2 (W.D. Tex. June 21, 2019) (and citations therein). Therefore, the Default Judgment against Berthelette served to admit ALL of the facts in Plaintiff's well-pleaded complaint.

**4. Defendant's assertion the Arbitration Award and Final Judgment thereon absolves Defendant of any liability to Plaintiff merely assumes the thing to be proven.**

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, LLC*     8
Plaintiff's Response and Brief in Support to Defendant's Motion to Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

19.    The Defendant further contends that the Arbitration Award forgives any liability of Defendant Berthelette regardless of his default in the lawsuit. While there is an argument that a victory on the merits for the co-defendants of a defaulted defendant extends to the defaulted defendant, the line of cases to which the Defendant calls attention goes to final judgments, and does not explore or even question the underlying proceedings which produced it. Instead, the Defendant's argument here merely assumes the legitimacy of the Arbitration Award itself as accurately reflecting the situation between the parties, and can be distinguished. Here the matter is far from settled, and is instead entirely called into question by the inadequacy of the proceedings which led to the Arbitration Award, a fact that is the very heart of Plaintiff's plea in equity to this court. ECF Doc. No. 45. While the Arbitration Award also purported to make certain findings as to Berthelette, only Land Gorilla, LLC and Plaintiff were named in or subject to the Arbitration Award., Berthelette was NOT a party to the Arbitration.   It is the complained of Final Judgment of this Court which could potentially absolve Defendant Berthelette of liability, not the Arbitration Award as Defendant claims. ECF Doc. No. 48. As Plaintiff has previously noted, that Final Judgment should be set aside in equity because the Arbitration Award does not reflect the situation between the parties. ECF Doc. No. 45. Thus, Defendant relies upon a final judgment that is the subject of this underlying Motion to alter or amend as ultimate proof of the judgment's correctness, without offering anything beyond self-serving affidavit testimony in an attempt to create procedural peccadillos well over a year after he admits actual knowledge of this lawsuit and the entry of the default judgment against him. ECF Doc. No. 48-1.

20.    Defendant also assumes the Arbitration Award was not precluded by this Court's Default Judgment as to all the well-pled allegations regarding Defendant Berthelette's

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*    9
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

involvement in the MSA, relying on an incorrect characterization of a final judgment of this Court as merely "interlocutory." ECF Doc. No. 48 at 5; *cf. U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (contrasting the entry of default with a judgment by default as a final disposition of the case and an appealable order that has the same effect as a judgment rendered after a trial on the merits). There is no reason to artificially elevate the findings of the Arbitration Award over the findings of this Court in its Default Judgment against Defendant Berthelette, as that Judgment incorporated all prior well-pled allegations made by Plaintiff in its complaint and is unassailable on its merits. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.").

21.     For all the reasons set forth above, and others as may be present by law and equity, Defendant Berthelette's Motion should in all things be denied.

### III.

### CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court deny Defendant's Motion to Set Aside Default Judgment, Response to Plaintiff's Motion to Amend/Correct Final Judgment, and Brief in Support.

Respectfully submitted,

**MCWHORTER COBB and JOHNSON, L.L.P.**
1722 Broadway
Lubbock, TX  79401
P.O. Box 2547
Lubbock, Texas 79408-2547
Telephone: (806) 762-0214
Facsimile: (806) 762-8014

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*                    10
Plaintiff's Response and Brief in Support to Defendant's Motionto Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}

Timothy T. Pridmore
*email: tpridmore@mcjllp.com*
SBN: 00788224
R. Michael McCauley, Jr.
SBN: 00797030
*email: mccauley@mcjllp.com*


/s/ Timothy T. Pridmore
Timothy T. Pridmore

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, Timothy T. Pridmore, hereby certify that on the 7th day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system as authorized of the Court as authorized by Federal Rule of Civil Procedure 5(b)(2). The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Keith C. Thompson
The Law Office of Keith C. Thompson, PC
11003 Quaker Avenue
Lubbock, TX 79424
Via eservice
*Prior Counsel for Plaintiff*

Jonathan M. Herman
Charles Wilson Hill
The Herman Law Firm
1601 Elm Street
Dallas, Texas 75201
Via eservice
*Counsel for Land Gorilla, LLC*

Andrew B. Curtis
Bigbee & Curtis, LLP
11010 Indiana Avenue
Lubbock, TX 79453
Via eservice
*Counsel for William Berthelette*

/s/ Timothy T. Pridmore
Timothy T. Pridmore

---

*RE: Siwell, Inc. d/b/a Capital Mortgage Services of Texas  v. William Berthelette and Land Gorilla, LLC*    11
Plaintiff's Response and Brief in Support to Defendant's Motion to Set Aside Default Judgment and Brief in Support
{00559678.DOCX - ver}