IN THE UNITED STATES DISTRICTCOURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS<br>  *Plaintiff,*<br><br>v.<br><br>WILLIAM BERTHELETTE AND LAND GORILLA, LLC<br>  *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:19-cv-00025 |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT

  Plaintiff, Siwell, Inc., d/b/a Capital Mortgage Services of Texas (**"CMS or "Plaintiff"**), asks the Court to protect it from Defendant, Land Gorilla, LLC's (**"Defendant LG"**) post-judgment discovery requests for production and propounded interrogatories (**"Discovery"**).

### A. INTRODUCTION

  1. Plaintiff is Siwell, Inc., d/b/a Capital Mortgage Services of Texas; Defendant LG served Discovery upon Plaintiff.

  2. Plaintiff filed with this Court on February 25, 2022, a Motion to Alter or Amend its Final Judgment against Defendant LG (**"Motion"**). *See* ECF Doc. Nos. 45, 42.

  3. Despite the pending Motion, Defendant LG has also attempted to serve upon Plaintiff post-judgment Discovery requests, including overbroad requests for production and an impermissible amount of interrogatories for which Plaintiff objects. Additionally, Plaintiff objects in that Defendant LG is seeking a wide swath of private financial information pertaining

to the entire operations of Plaintiff, which is a large corporation with over $74,000,000.00 in assets. Plaintiff further objects to the Discovery requests for production and interrogatories seeking financial information in the enforcement of Defendant LG's judgment—which is the subject of Plaintiff's pending Motion to Alter or Amend that judgment—as premature.

4. Plaintiff's counsel conferred with Defendant LG's counsel in a good-faith effort to resolve the dispute without court action as required by Federal Rule of Civil Procedure 26(c)(1) and as shown in the below certificate of conference. Plaintiff was unable to receive any concessions on the requested Discovery beyond an agreed extension of time to respond to said Discovery which is due today.

5. Therefore, the dispute concerning the overbroad Discovery requests, as well as the dispute concerning the propriety of such Discovery requests during the pendency of the Plaintiff's Motion to Alter or Amend this Court's judgment under Federal Rule of Civil Procedure 59(e), remains substantially unresolved.

## B. ARGUMENT

6. A court has broad discretion to issue a protective order on a showing of good cause. *See* Fed. R. Civ. P. 26(c); *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016). Once good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to obtain the information. *Areizaga* at 434.

7. In this case, there is good cause for the Court to protect Plaintiff with a protective order because the Plaintiff will suffer a serious privacy and pecuniary injury if the requested information is disclosed. Thus, Plaintiff asks the Court to exercise its discretion and grant a protective order as to said Discovery because Defendant LG's examination is being conducted in

a manner which unreasonably oppresses Plaintiff CMS. FED. R. CIV. P. 26(c)(1), 30(d)(3)(A); *see Areizaga* at 434. Specifically, the requests for Discovery generally ask for wide swaths of private financial information in support of the Defendant's judgment which is the very thing contested by the Plaintiff's pending Motion to Alter or Amend that judgment. At this time, the Plaintiff would be unduly burdened by the production of such private information which is premised solely upon a judgment which is disputed before this Court.

8. In this case, there is good cause for the Court to protect Plaintiff with a protective order because the Plaintiff will suffer a serious privacy and pecuniary injury if the requested information is disclosed. Thus, Plaintiff asks the Court to exercise its discretion and grant a protective order because Defendant LG requests information that is outside the scope of discovery allowed under Federal Rule of Civil Procedure 26. FED. R. CIV. P. 26(b)(2)(C)(iii). Specifically, Defendant LG requests information that is not relevant to any party's claim or defense. FED. R. CIV. P. 26(b)(1). Here, Defendant LG seeks financial information of Plaintiff in order to support recovery on its judgment that is subject to Plaintiff's pending Motion to Alter or Amend that judgment. Therefore, the information that Defendant LG seeks is not relevant to any party's claim or defense, but is instead only relevant to collection on a judgment that the Court has been moved to alter or amend. Therefore, the information sought by Defendant LG is outside the scope of allowable discovery because it is premature.

9. Further, Defendant LG requests information that is outside the scope of discovery allowed under Federal Rule of Civil Procedure 26. FED. R. CIV. P. 26(b)(2)(C)(iii). Specifically, Defendant LG requests information that is not proportional to the needs of the case because the issues at stake are not of sufficient importance to justify discovery of the requested information, and the requested information is not proportional to the amount in controversy. *See* FED. R. CIV.

P. 26(b)(1). Here, Defendant LG seeks wide swaths of financial information concerning the Plaintiff's entire enterprise, comprised of assets valued at approximately $74,000,000.00, in support of its approximately $250,000.00 claimed judgment. Further, Plaintiff has provided basic financial and income statements to Defendant LG's counsel which sufficiently support the Plaintiff's ability to pay and satisfy the judgment in question if the Court ultimately denies the Plaintiff's pending Motion to Alter or Amend that judgment. Therefore, Plaintiff should not be forced to divulge its entire operation when there is no question the assets exist to satisfy Defendant LG's claimed judgment, if so required, which is the ultimate purpose of post-judgment discovery.

10. Additionally, Defendant LG requests information that is outside the scope of discovery allowed under Federal Rule of Civil Procedure 26; specifically, the requested information is of low importance to resolving the issues. *See* FED. R. CIV. P. 26(b)(1). In fact, all of the information requested by Defendant LG is concerned with locating and ascertaining the assets of Plaintiff, and is of no importance to resolving the ultimate issue presented in the Plaintiff's Motion to Alter or Amend this Court's Judgment, which is whether the Arbitration proceeding which produced and wholly informed that Final Judgment was tainted with malpractice sufficient to invoke this Court's equitable powers.

11. Finally, Defendant LG requests information that is outside the scope of discovery allowed under Federal Rule of Civil Procedure 26. FED. R. CIV. P. 26(b)(2)(C)(iii). Specifically, the burden and expense of the requested information outweighs the likely benefit of the discovery. *See* Fed. R. Civ. P. 26(b)(1). Again, here Defendant LG is seeking wide swaths of financial information concerning a large corporate enterprise, in support of a comparably small judgment amount, for which Plaintiff admits herein it can financially pay if so legally required.

## C. CONCLUSION

For these reasons, Plaintiff respectfully asks the Court to set its Motion for Protective Order for hearing, and, after the hearing, to issue an order protecting Plaintiff from the post-judgment Request for Production and Interrogatories propounded by Defendant LG by denying the requested Discovery until the resolution of the Plaintiff's pending Motion to Alter or Amend the judgment Defendant LG seeks to enforce.

Respectfully submitted,

**MCWHORTER, COBB & JOHNSON, L.L.P.**
1722 Broadway (79401)
P.O. Box 2547
Lubbock, Texas 79408-2547
Telephone: (806) 762-0214
Facsimile: (806) 762-8014
Timothy T. Pridmore
SBN: 00788224
*email: tpridmore@mcjllp.com*
R. Michael McCauley, Jr.
SBN: 00797030
*email: mccauley@mcjllp.com*

/s/ Timothy T. Pridmore
Timothy T. Pridmore

/s / R. Michael McCauley, Jr.
R. Michael McCauley, Jr.
***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF CONFERENCE

I, Timothy T. Pridmore, hereby certify that I conferred with Jonathan Herman, attorney for Defendant LG, on April 25th and 26th, 2022, in a good-faith effort to resolve this discovery dispute without court action as required by Federal Rule of Civil Procedure 26(c)(1), and the matter remains unresolved.

/s/ Timothy T. Pridmore
Timothy T. Pridmore

## CERTIFICATE OF SERVICE

I, Timothy T. Pridmore, hereby certify that on the 26th day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system as authorized of the Court as authorized by Federal Rule of Civil Procedure 5(b)(2). The electronic filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Keith C. Thompson
The Law Office of Keith C. Thompson, PC
11003 Quaker Avenue
Lubbock, TX 79424
Via eservice
*Prior Counsel for Plaintiff*

Jonathan M. Herman
Charles Wilson Hill
The Herman Law Firm
1601 Elm Street
Dallas, Texas 75201
Via eservice
*Counsel for Land Gorilla, LLC*

Andrew B. Curtis
Bigbee & Curtis, LLP
11010 Indiana Avenue
Lubbock, TX 79453
Via eservice
*Counsel for William Berthelette*

/s/ Timothy T. Pridmore
Timothy T. Pridmore