IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SIWELL, INC. D/B/A CAPITAL MORTGAGE SERVICES OF TEXAS | § § § § § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 5:19-cv-00025-C |
| | § | |
| WILLIAM BERTHELETTE AND LAND GORILLA, INC. | § § § § | |
| *Defendants.* | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Respectfully Submitted By:

Jonathan M. Herman (TX Bar No. 24052690)
Charles W. Hill (TX Bar No. 24063885)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Santander Tower
Dallas, Texas 75201
Telephone:   (214) 624-9805
Facsimile:    (469) 383-3469
jherman@herman-lawfirm.com
chill@herman-lawfirm.com

*Counsel for Defendant Land Gorilla, Inc.*

i

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................... ii

**TABLE OF AUTHORITIES** ............................................................................................ iii

I. SUMMARY OF THE ARGUMENT ............................................................................. 1

II. ARGUMENT ................................................................................................................ 2

    A.     LG is entitled to conduct post-judgment discovery within the scope of Federal Rule of Civil Procedure 69(a)(2). ............................................................ 2

    B.     CMS's Rule 59(e) Motion does not stay post-judgment discovery. ................... 2

III. CONCLUSION ............................................................................................................. 3

**CERTIFICATE OF SERVICE** ........................................................................................ 4

# **TABLE OF AUTHORITIES**

**CASES**

*F.D.I.C. v. LeGrand*,
   43 F.3d 163 (5th Cir. 1995) .................................................................................................. 2

*In re 2920 ER, L.L.C.*,
   607 Fed. Appx. 349 (5th Cir. 2015)....................................................................................... 3

*Nat'l Serv. Indus., Inc. v. Vafla Corp.*,
   694 F.2d 246 (11th Cir. 1982) ............................................................................................... 3

**RULES**

FED. R. CIV. P. 62(b) ................................................................................................................. 2, 3

FED. R. CIV. P. 59(e) ...................................................................................................................... 3

FED. R. CIV. P. 69(a)(2)............................................................................................................. 2, 3

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant, Land Gorilla, Inc. ("LG"), through undersigned counsel, who respectfully files this Response to the Motion for Protective Order and Memorandum in Support ("Motion")[1] filed by Plaintiff, Siwell, Inc. d/b/a Capital Mortgage Services of Texas ("CMS"), and respectfully represents as follows:

## I.   SUMMARY OF THE ARGUMENT

After prevailing in arbitration and obtaining a judgment against CMS, LG issued discovery requests seeking information pertaining solely to CMS's finances and assets to aid LG in executing the judgment against CMS. CMS's Motion contends LG's discovery requests are generally overbroad. CMS, however, does not substantiate its contention and does not specify which requests are overly broad. Instead, CMS argues that its filing of a Rule 59(e) Motion to Amend a Judgment should operate to stay LG's post-judgment discovery. CMS's arguments are without merit, and CMS merely seeks to avoid disclosing the financial information to which LG is entitled.

Federal Rule of Civil Procedure 69(a)(2) permits broad discovery to examine a judgment debtor's finances and assets in preparation for executing a judgment, and CMS has not specifically stated any objection to LG's discovery requests. Additionally, a Rule 59(e) motion does not stay post-judgment discovery or execution. Although Rule 62(b) allows a party to stay post-judgment discovery and execution by posting a bond, CMS has failed to post a bond. Thus, CMS's Motion must be denied.

---

[1] Doc. 51.

II.  ARGUMENT

    A.  **LG is entitled to conduct post-judgment discovery within the scope of Federal Rule of Civil Procedure 69(a)(2).**

Under Rule 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."[2] "The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."[3] The post-judgment discovery LG seeks falls within the scope of Rule 69(a)(2).[4]

LG, the judgment creditor, has obtained a judgment from this Court against CMS, the judgment debtor. LG's post-judgment discovery requests pertain solely to CMS's finances and assets to aid LG's execution of the judgment. CMS's general contention in its Motion that LG's requests are overly broad and seek private financial information are not substantiated by CMS. Yet, CMS does not even specify which discovery requests are overly broad or state the basis for its contention. To the contrary, LG's discovery requests fall within Rule 69(a)(2). Because CMS has failed to raise an objection to any specific discovery request or to substantiate its blanket contentions, CMS's Motion should be denied.

    B.  **CMS's Rule 59(e) Motion does not stay post-judgment discovery.**

Federal Rule of Civil Procedure 62(b) permits a party to obtain a stay of judgment "by providing a bond or other security."[5] The stay takes effect when the court approves the bond.[6] Thus, post-judgment discovery "[i]n aid of the judgment or execution" is precluded only when a

---

[2] Fed. R. Civ. P. 69(a)(2).
[3] *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).
[4] *Id*.
[5] Fed. R. Civ. P. 62(b).
[6] *Id*.

party seeks a stay by posting a bond.[7] Indeed, post-judgment discovery is not even precluded by the filing of an appeal.[8]

It is undisputed that Plaintiff has not sought or obtained a stay by posting bond pursuant to Rule 62(b). Rather, Plaintiff summarily contends that its Rule 59(e) Motion to amend the judgment should stay LG's post-judgment discovery. Rule 59(e), however, does not stay post-judgment discovery.[9] Rule 62(b) provides the procedure to stay post-judgment discovery, and CMS has failed to comply with this procedure. Accordingly, the Court should deny CMS's Motion for Protective Order.

### III. CONCLUSION

CMS has failed to establish that LG should be precluded from seeking post-judgment discovery to which it is entitled under Federal Rule of Civil Procedure 69(a)(2).

WHEREFORE, Defendant Land Gorilla, Inc. prays this Honorable Court deny CMS's Motion for Protective Order and grant all further relief to which LG may be justly entitled.

---

[7] *See* FED. R. CIV. P. 62(b), 69(a)(2).
[8] *See In re 2920 ER, L.L.C.*, 607 Fed. App'x 349, 356 (5th Cir. 2015) ("[W]ith the right to appeal comes the right to stay the judgment by posting a supersedeas appeal bond."); *see also Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) ("If a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal.").
[9] *See* FED. R. CIV. P. 59(e).

Respectfully submitted,

By:   */s/ Jonathan M. Herman*
     Jonathan M. Herman (TX Bar No. 24052690)
     Charles W. Hill (TX Bar No. 24063885)
     THE HERMAN LAW FIRM
     1601 Elm Street, Suite 2002
     Santander Tower
     Dallas, Texas 75201
     Telephone:  (214) 624-9805
     Facsimile:  (469) 383-3469
     jherman@herman-lawfirm.com
     chill@herman-lawfirm.com

*Counsel for Defendant Land Gorilla, Inc.*

## CERTIFICATE OF SERVICE

On May 5, 2022, I electronically submitted the foregoing document and its supporting papers with the Clerk of the Court using the electronic case filing system of the Court. I hereby certify that I have served all counsel or pro se parties of record electronically or by another method of service authorized by Federal Rule of Civil Procedure 5(b)(2).

     */s/ Jonathan M. Herman*
     Jonathan M. Herman