IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SIWELL, INC. *d/b/a Capital Mortgage,*  *Services of Texas* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| WILLIAM BERTHELETTE and LAND GORILLA, LLC, | ) ) ) |
| Defendants. | ) Civil Action No. 5:19-CV-025-C |

## ORDER

Before the Court are various post-judgment motions filed by the Parties in this closed case. The Parties are involved in a three-way dispute related to a non-disclosure contract and a services contract. Capital Mortgage Services (CMS) hired Berthelette and he executed a non-disclosure contract that protected certain proprietary information and processes of CMS as his employer.[1] Berthelette, working closely with Land Gorilla (LG), facilitated an agreement between LG and CMS in the form of a Master Services Agreement. The agreement between CMS and LG was for LG to provide certain services and CMS would pay LG for those services. CMS alleges that the Master Services Agreement was invalid from the start because Berthelette and LG were in collusion to divert profits from CMS to LG. CMS alleges that it was fraudulently induced into entering the agreement. Said agreement contained a binding arbitration clause for any disputes between CMS and LG as to payments and services. Unsurprisingly, various disputes arose between the Parties and a lawsuit and arbitration action were filed. After

---

[1] Berthelette's position as "contractor" in the Engagement Agreement was listed as National Director of Retail Sales.

removal of the Texas state court lawsuit to this Court, and after receiving a demand letter from LG, CMS filed an amended complaint in this Court adding LG as a named Defendant. LG then filed a motion to compel arbitration based off of the Master Services Agreement entered into between LG and CMS. The Court granted the motion to compel arbitration and administratively closed this case. In the meantime, prior to the arbitration panel issuing its decision, CMS sought to have the case temporarily re-opened and for Berthelette to be held in default for not properly and timely responding to service of process. A Clerk's Entry of Default was entered and a Default Judgment was entered against Berthelette in favor of CMS on March 26, 2021. Then, in December of 2021, LG filed an *ex parte* motion to re-open the case, followed by a motion to confirm the arbitration award entered in the California arbitration and for entry of final judgment in the above-styled and -numbered civil action. After receiving an extension to respond, CMS filed its response to LG's motion to approve the arbitration award in LG's favor for damages arising out of the alleged breach of the Master Services Agreement between LG and CMS. After carefully considering the briefing, the Court approved the arbitration award and entered final judgment. The only argument proffered in opposition by CMS was that the arbitration award should be confirmed in the United States District Court for the Central District of California—Southern Division. CMS offered no other objection to LG's Motion to Confirm Arbitration Award and for Entry of Judgment. LG argued that this lawsuit was filed/removed in the United States District Court for the Northern District of Texas and this Court should be the one to approve the arbitration award from an arbitration ordered in this case. The Court agreed.

Now, after Final Judgment has been entered, CMS seeks to have the judgment set aside and argues that CMS was not effectively represented by its California counsel at the arbitration.

Similarly, Berthelette seeks to have his Default Judgment set aside because LG was determined to be the prevailing party in the arbitration, in contrast to the Default Judgment entered against Berthelette in the amount of $59,226.64 (plus post-judgment interest). Furthermore, CMS has filed a Motion for Protective Order because LG is seeking post-judgment discovery from CMS in an effort to recover the the Final Judgment entered in LG's favor in this case.

Quite simply, neither CMS nor Berthelette have put forth arguments justifying setting aside either of the judgments entered against them. CMS now contends that its California counsel representing CMS in the arbitration was ineffective. However, the Court finds that such an issue is not a matter justifying undoing the arbitrator's final award and terms. Likewise, the fact that Berthelette has been found to be in default in this action and a Default Judgment entered against him will not be undone simply because LG is found to have prevailed in the arbitration that was based upon the Master Services Agreement between LG and CMS. Further, the Court finds Berthelette's excuses for untimeliness to be unavailing and unpersuasive.[2] The claims for which Berthelette is in default differ from those arbitrated between LG and CMS. The Court finds no inconsistencies in the two judgments. The Default Judgment applies solely to the claims by CMS against Berthelette (regardless of allegations contained in the Amended Complaint against LG). The Final Judgment applies to the claims between CMS and LG under the Master Services Agreement (regardless of any mention of Berthelette in the arbitration award). The arbitration award will not undue this Court's prior finding of default. And in the same vein, this

---

[2]The Court notes Berthelette's notice and knowledge of the lawsuit against him based on his attempts to file a response to the Motion for Default Judgment.

Court's mere finding of default does not undo the arbitrator's explicit findings related to the claims solely between LG and CMS.

Accordingly, the Motion to Amend or Alter the [Final] Judgment filed by CMS is **DENIED**. Similarly, Berthelette's Motion to Set Aside Default Judgment is **DENIED**. The Motion for Protective Order filed by CMS is also **DENIED AS MOOT**.

SO ORDERED.

Dated June 6, 2022.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE